# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00468-CR
NO. 03-14-00469-CR

**Mitchell Hollis Wright, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
NOS. CR23,384 & CR23,385,
THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Mitchell Hollis Wright was placed on deferred adjudication community supervision after he pled guilty to two offenses of theft of property valued at $1,500 or more but less than $20,000. *See* Tex. Penal Code § 30.03(a), (e)(4)(A); Tex. Code Crim. Proc. art. 42.12, § 5(a). Subsequently, the trial court granted the State's motion to adjudicate guilt in each case after finding that appellant had violated the conditions of supervision.[1] The court adjudicated appellant guilty,

---

[1] The State's motion to adjudicate in cause number CR23,384 (appeal number 03-14-00468-CR) contained three allegations of violation: the commission of a family violence assault offense against his wife, the failure to pay supervision fees, and the failure to perform community service work. The State's motion to adjudicate in cause number CR23,385 (appeal number 03-14-00469-CR) contained six allegations of violation: the commission of a family violence assault offense against his wife, the failure to pay court costs, the failure to pay restitution, the failure to submit to drug or alcohol testing, the failure to pay the crime stopper program fee, and the failure to perform community service work. At the adjudication hearing, appellant pled true to all of the allegations in both motions, and the trial court ordered a presentence investigation and reset the cases for sentencing. At the sentencing hearing, both the State and appellant presented further

revoked his community supervision, and assessed his punishment at 18 months' confinement in a state jail facility in each case, ordering the sentences to run concurrently. *See* Tex. Code Crim. Proc. art. 42.12, § 5(b); Tex. Penal Code § 12.35. In three points of error on appeal, appellant complains about non-reversible error in the written judgments of adjudication. Based on our examination of the trial court record, we agree and modify the judgments adjudicating guilt and affirm the judgments as modified.

## DISCUSSION[2]

In his first two points of error, appellant complains about error in the written judgment adjudicating guilt in cause number CR23,385 (appeal number 03-14-00469-CR) asserting that the judgment (1) erroneously orders him to pay restitution and (2) assesses an incorrect amount of court costs that improperly includes a restitution fee. In his third point of error, appellant complains that both judgments adjudicating guilt contain error regarding the Penal Code statute listed as the statute for the offense.

---

evidence. Appellant then requested that his community supervision be extended and his conditions be modified to "allow him to take advantage of the programs that probation has to offer." The State sought adjudication of guilt and revocation of supervision.

[2] In lieu of a brief, the State filed a letter response agreeing "that the weight of authority is against the State in all of the Appellant's points of error" and requesting that this Court "affirm [the judgments adjudicating guilt] as modified pursuant to Appellant's prayer for relief."

While the State's confession of error in a criminal case is significant, it is not conclusive nor is it binding on this Court; we must make an independent examination of the merits of any claim of error raised on appeal. *See Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002) ("A confession of error by the prosecutor in a criminal case is important, but not conclusive, in deciding an appeal."); *see also Young v. United States*, 315 U.S. 257, 258–59 (1942) ("The considered judgment of the law enforcement officers that reversible error has been committed is entitled to great weight, but our judicial obligations compel us to examine independently the errors confessed.").

**Restitution**

In his first point of error, appellant argues that the order that he pay $4,050.00 in restitution should be deleted from the judgment adjudicating guilt in cause number CR23,385 because the trial court did not order the restitution when it orally pronounced his sentence following the adjudication of guilt.

When a defendant receives deferred adjudication, no sentence is imposed. *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). When the defendant violates a condition of deferred adjudication community supervision, the court may proceed to adjudicate guilt, assess punishment, and pronounce sentence. *See* Tex. Code Crim. Proc. art. 42.12, § 5(b) ("After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred."); *Taylor*, 131 S.W.3d at 499. When guilt is adjudicated, the judgment adjudicating guilt sets aside the order deferring adjudication. *See Taylor*, 131 S.W.3d at 501–02; *Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.).

A sentence must be orally pronounced in the defendant's presence. Tex. Code Crim. Proc. art. 42.03, § 1(a); *Taylor*, 131 S.W.3d at 500; *see Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014). The judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. Tex. Code Crim. Proc. art. 42.01, § 1; *Burt*, 445 S.W.3d at 757; *Taylor*, 131 S.W.3d at 500. When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Burt*, 445 S.W.3d at 757; *Taylor*, 131 S.W.3d at 500; *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).

3

A sentencing court may order a defendant to make restitution to any victim of the offense. *See* Tex. Code Crim. Proc. art. 42.037(a). Restitution is punitive in nature. *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009); *see Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006) (noting court's prior holding that "restitution is punishment"). Therefore, an order of restitution must be contained in the trial court's oral pronouncement of sentence in order to be included in the written judgment. *Burt*, 445 S.W.3d at 757; *Sauceda v. State*, 309 S.W.3d 767, 769 (Tex. App.—Amarillo 2010, pet. ref'd); *Alexander*, 301 S.W.3d at 364. When the trial court fails to order restitution as part of the oral pronouncement of sentence yet restitution appears in the written judgment, the defendant is entitled to have the order of restitution deleted from the judgment. *Burt*, 445 S.W.3d at 760 (noting cases where defendant was entitled to have restitution order deleted from written judgment because judgment did not match oral pronouncement of sentence); *see, e.g.*, *Sauceda*, 309 S.W.3d at 769; *Alexander*, 301 S.W.3d at 363–64.

In this case, the trial court assessed restitution as a condition of appellant's deferred adjudication community supervision. Subsequently, the trial court adjudicated appellant guilty, revoked his community supervision, and sentenced him to 18 months' confinement in a state jail facility. When the trial court adjudicated appellant's guilt, the order granting him deferred adjudication community supervision—which included the requirement that he pay restitution as a condition of his community supervision—was set aside. Appellant was not sentenced until his guilt was adjudicated and his sentence was orally pronounced at the sentencing hearing that followed his adjudication. At that time, the trial court did not order appellant to pay any amount of restitution to

any person.  Yet, an order for appellant to pay restitution in the amount of $4,050.00 to the victim of the theft was included in the trial court's written judgment adjudicating guilt.

We sustain appellant's first point of error and modify the trial court's judgment adjudicating guilt in cause number CR23,385 to delete the language regarding the payment of restitution.

## Court Costs

In his second point of error, appellant challenges the court costs assessed in the judgment adjudicating guilt in cause number CR23,385.  He argues that there is no factual basis to support the inclusion of a $12.00 restitution fee in the court costs.

"[C]ourt costs are not part of the guilt or sentence of a criminal defendant, nor must they be proven at trial; rather, they are 'a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case.'" *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (quoting *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011)); *see Weir*, 278 S.W.3d at 367.  Consequently, appellate review of the assessment of court costs is to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost. *Johnson*, 423 S.W.3d at 390.  An appellant can raise his court-costs claim for the first time on appeal. *Id.* at 391.

Pursuant to article 42.037(g)(1) of the Code of Criminal Procedure, a trial court may require a defendant to make restitution in specified installments.  Tex. Crim. Proc. Code art. 42.037(g)(1).  If the court does so, the statute further authorizes the trial court to require the defendant to pay a one-time restitution fee of $12.00. *Id.*

5

In this case, the judgment adjudicating guilt includes court costs in the amount of $206.00. The bill of costs associated with the judgment reflects that these costs include a $12.00 restitution fee. Appellant argues that this portion of the court costs should be deleted because there is no factual basis for this fee. He first contends that the factual basis is lacking because the restitution order was improperly included in the written judgment adjudicating guilt as discussed earlier, *see* discussion *supra* pp. 3–5, and without a proper order of restitution, no restitution fee can be assessed. Appellant next asserts that even had restitution been properly ordered, the factual basis for the restitution fee is still lacking because article 42.037(g)(1) authorizes the imposition of a restitution fee only when the trial court requires the restitution to be made in specified installments. *See* Tex. Crim. Proc. Code art. 42.037(g)(1). He notes that the restitution order in the judgment adjudicating guilt in this case ordered the repayment of restitution in the amount of $4,050.00 in a lump sum, not in specified installments.

We agree with appellant that there is no basis for the imposition of the restitution fee as part of the court costs in this case. Accordingly, we sustain his second point of error and modify the court costs in the judgment adjudicating guilt in cause number CR23,385 to delete the $12.00 restitution fee.

**Clerical Error in Judgments**

In his third point of error, appellant notes that the written judgment adjudicating guilt in each of these cases contains a clerical error. The judgments state that the "Statute for Offense" is "30.02 Penal Code." However, section 30.02 of the Penal Code is the statute for burglary. The statute for the theft offenses as alleged in the indictments in these cases is section 31.03(a), (e)(4)(A)

6

of the Penal Code. This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 46.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the incorrect judgments adjudicating guilt to reflect the correct Penal Code section.

## CONCLUSION

Having sustained appellant's three points of error, we modify the trial court's judgments adjudicating guilt as noted.

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Pemberton, and Bourland

03-14-00468-CR      Modified and, as Modified, Affirmed

03-14-00469-CR      Modified and, as Modified, Affirmed

Filed:   July 28, 2015

Do Not Publish

7