

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. PD-1563-13

**LEMUEL CARL BURT**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIFTH COURT OF APPEALS
DALLAS COUNTY**

**COCHRAN, J., delivered the opinion of the unanimous Court.**

**O P I N I O N**

We address the following question: When the record is clear that the trial judge orally made restitution a part of the sentence, but either the amount or the person(s) to whom it is owed is unclear, incorrect, or insufficient, should the restitution order be deleted or should the case remanded to the trial court for a hearing on restitution? We hold that, in such a case, appellate courts should vacate the faulty order and remand for a new restitution hearing.

Appellant was convicted of misapplication of fiduciary property in excess of $200,000,

sentenced to 14 years' confinement, and given a $10,000 fine. The trial court orally pronounced at the end of the sentencing hearing that appellant would owe restitution, but he did not specify the amount. The next day, the trial judge entered an order for $591,000 restitution in the written judgment. The court of appeals vacated the order and remanded the case to the trial court for a restitution hearing.[1] Appellant claims that the appellate court should have simply deleted the restitution order.[2] We agree with the court of appeals that remanding the case for a formal restitution hearing is proper because this practice is consistent with our case law and adequately protects a defendant's due-process rights while providing justice to victims.

## I.

The State alleged that appellant was involved in an elaborate Ponzi scheme. The record shows that he operated two programs in tandem. First, with his Credit Home Investment Program, appellant would lease-purchase a home, and then sell the contract rights to an investor for a profit. He promised the investors that they could immediately sell their

---

[1] *Burt v. State*, 05-09-00116-CR, 2013 WL 5538879 (Tex. App.–Dallas Oct. 7, 2013) (not designated for publication).

[2] Appellant's grounds for review read as follows:
(3)    The Court of Appeals' failure to delete the restitution order from the judgment and decision to remand this case for a restitution hearing conflicts with the decisions of every other court of appeals which has considered the issue.
(4)    The Court of Appeals' failure to delete the restitution order from the judgment and decision to remand this case for a restitution hearing conflicts with the decisions of this Court.
(5)    The Court of Appeals has so far departed from the accepted and usual course of judicial proceedings that this Court should exercise its power of supervision.

newly acquired homes to downstream purchasers for a profit.

Second, through his Down Payment Assistance Program, appellant supplied the initial investors with home buyers who, if they lacked sufficient credit or down payment, could receive loans from appellant to obtain a mortgage. Appellant persuaded a separate pool of investors to provide the funds for this second program by promising $2,500 profit for every $10,000 invested. Appellant thus generated his own supply of home buyers and investors to make his Credit Home Investment Program profitable.

However, if the targeted home buyers from the Down Payment Assistance Program were not approved for mortgages, they could not purchase houses from the investors in the Credit Home Investment Program, and those investors were left with the mortgage payments. Appellant initially used funds from the Down Payment Assistance Program to pay the investors' mortgage payments, but he eventually ran out of money.

A jury convicted appellant of misapplication of fiduciary property in excess of $200,000. At the end of the punishment hearing, and immediately after sending the jury to deliberate, the trial judge stated,

> On the record. I am going to need the State to prepare a proposed order of restitution in the case, probably with some sort of supporting memorandum to justify whatever number you come up with. You can rely on everything that was introduced in the case. We don't need to have a hearing on it as far as an evidentiary hearing, but if y'all can't come up with an agreed figure, then we will need to have a hearing on it at some point in the future, okay? And the sooner, the better.

The jury assessed punishment at fourteen years' confinement and a $10,000 fine. The

trial judge formally pronounced the sentence, and before adjourning, he stated, "The sooner we can get that restitution matter taken care of, the better." The next day, in the absence of the parties, without a hearing, and without any agreement by the parties, the trial judge entered a restitution order for $591,000[3] into the written judgment.

On appeal, appellant argued that the restitution order should be deleted because restitution was not orally pronounced in open court. However, the appellate court did not originally reach this claim because it held that the issue had not been preserved for appeal.[4] We reversed because appellant had had no opportunity to object to the written order, and we remanded the case to decide if the trial judge erred by "including a restitution order in the written judgment; or, in the alternative, whether the trial court impermissibly included . . . losses from victims not named in the indictment."[5]

On remand, the court of appeals vacated the restitution order and remanded the case to the trial court for a restitution hearing.[6] The court explained that it was improper to delete the restitution because both parties knew that some amount of restitution was proper, the only

---

[3] This is the total loss amount to which the State's witnesses testified. A summary exhibit itemized the individual losses to numerous victims and added them together for the total.

[4] *Burt v. State*, No. 05-09-0016-CR, 2011 WL 3211249, at *10 (Tex. App.–Dallas July 29, 2011) (not designated for publication) [*Burt I*].

[5] *Burt v. State*, 396 S.W.3d 574, 579 (Tex. Crim. App. 2013) [*Burt* II].

[6] *Burt v. State,* No. 05-09-0016-CR, 2013 WL 5538879, at *3 (Tex. App.–Dallas Oct. 7, 2013) (not designated for publication) [*Burt III*].

question was how much.[7]

## II.

Restitution is a victim's statutory right,[8] and it serves a number of important purposes. First, it restores the victim to the "status quo ante" position he was in before the offense.[9] Second, restitution serves as appropriate punishment for the convicted criminal.  We have said, "[a]s punishment, restitution attempts to redress the wrongs for which a defendant has been charged and convicted in court."[10]  Third, because restitution forces the offender to "address and remedy the specific harm that he has caused,"[11] it aids in the rehabilitation process as "it forces the defendant to confront, in concrete terms, the harm his actions have caused."[12]  Fourth, restitution acts as a deterrent to crime.[13]  Indeed, the law so favors crime victims' compensation that our restitution statute requires the trial judge to justify his decision

---

[7] *Id*. at *7-8

[8] TEX. CODE CRIM. PROC. art. 42.037.

[9] *See Thompson v. State*, 557 S.W.2d 521, 525 (Tex. Crim. App. 1977) (restitution means "'Act of restoring; restoration; restoration of anything to its rightful owner; the act of making good or giving equivalent for any loss, damage or injury; and indemnification.'") (quoting BLACK'S LAW DICTIONARY 4TH ED.).

[10] *Cabla v. State*, 6 S.W.3d 543, 546 (Tex. Crim. App. 1999) (citing *Martin v. State,* 874 S.W.2d 674, 678 (Tex. Crim. App. 1994)).

[11] *Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014).

[12] *Kelly v. Robinson,* 479 U.S. 36, 49 n.10 (1986).

[13] *See Hanna*, 426 S.W.3d at 91.

*not* to order restitution to a crime victim.[14]  Further, the statute provides that a parole panel

"shall order the payment of restitution ordered" under Article 42.037, and it may revoke a

defendant's parole or mandatory supervision if he fails to comply with the trial judge's

restitution order.[15]  For all of these reasons, we have interpreted restitution statutes liberally

to effectuate fairness to the victims of crime.[16]

On the other hand, fairness to the defendant requires that his sentence be "pronounced

orally in his presence."[17]  A written judgment is simply the "declaration and embodiment" of

---

[14] TEX. CODE CRIM. PROC. art. 42.037(a) ("If the court does not order restitution or orders partial restitution under this subsection, the court shall state on the record the reasons for not making the order or for the limited order.").

[15] Article 42.037(h) reads, in pertinent part,
If a defendant is placed on community supervision or is paroled or released on mandatory supervision, the court or the parole panel shall order the payment of restitution ordered under this article as a condition of community supervision, parole, or mandatory supervision. The court may revoke community supervision and the parole panel may revoke parole or mandatory supervision if the defendant fails to comply with the order. In determining whether to revoke community supervision, parole, or mandatory supervision, the court or parole panel shall consider [various factors].
TEX. CODE CRIM. PRO. art. 42.037(h).  Further, "any dispute relating to the proper amount or type of restitution" shall be resolved by the trial judge using a "preponderance of the evidence" standard. *Id.* art. 42.037(k).

[16] *See Hanna*, 426 S.W.3d at 91  (indicating that broad interpretations of restitution statutes provide judges greater discretion to rehabilitate criminals, deter future harms, and efficiently compensate victims); *see also Martin v. State,* 874 S.W.2d 674, 682 (Tex. Crim. App. 1994) ("a trial judge's authority to order restitution requires only: (1) that there be a *factual* basis in the record to conclude the defendant is liable for the criminal conduct . . . *and* (2) that there be a *factual* basis to determine the amount of restitution") (internal citations omitted) (Baird, J., dissenting) (emphasis in original).

[17] *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *see Ex parte Madding,* 70 S.W.3d 131, 135 (Tex. Crim. App. 2002); TEX. CODE CRIM. PROC. art. 42.03, § 1(a).

that pronouncement.[18]  Therefore, when there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls.[19]

A trial judge has neither the statutory authority nor the discretion to orally pronounce one sentence in front of the defendant, but then enter a different written judgment outside the defendant's presence.[20]  Rather, due process requires that the defendant be given fair notice of all of the terms of his sentence, so that he may object and offer a defense to any terms he believes are inappropriate.[21]  The appellant then has a "legitimate expectation" that the punishment he heard at trial match the punishment he actually receives.[22]

We have held that the deletion of a written restitution order is appropriate in at least two scenarios.  The first scenario is when the trial judge does not have statutory authority to impose the specific restitution order.  For example, a court has no authority to order restitution for injuries or damages for which the defendant is not responsible.[23]  And a trial judge does

---

[18]  *Taylor*, 131 S.W.3d at 502; *Madding,* 70 S.W.3d at 135.

[19]  *Taylor*, *id. ; Thompson v. State,* 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).

[20]  *Madding*, 70 S.W.3d at 136.

[21]  *Id.*; *Baldwin v. Hale,* 68 U.S. 223, 233 (1863) ( "Common justice requires that no man shall be condemned in his person or property without notice and an opportunity to make his defense"); *In re Oliver,* 333 U.S. 257, 273 (1948) (due process requires that a person be given "reasonable notice of a charge against him, and an opportunity to be heard in his defence[,] ... to examine the witnesses against him, to offer testimony, and to be represented by counsel").

[22]  *Madding*, 70 S.W.3d at 136.

[23]  *See Gordon v. State*, 707 S.W.2d 626, 630 (Tex. Crim. App. 1986) (deputy sheriff who was acquitted of causing the death of a suspect in his custody, but was found guilty of causing bodily injury, could not be required to pay restitution for the deceased's funeral expenses; permitting such

not have authority to order restitution to anyone except the victim(s) of the offense for which the defendant is convicted.[24] The second scenario in which deletion of a restitution order is appropriate is when the trial judge is authorized to assess restitution, but the evidence does not show proximate cause between the defendant's criminal conduct and the victim's injury.[25]

Put another way, due process places three limitations on the restitution a trial judge may order: (1) the restitution ordered must be for only the offense for which the defendant is criminally responsible; (2) the restitution must be for only the victim or victims of the offense for which the defendant is charged; and (3) the amount must be just and supported by a factual basis within the record.[26]

In this third situation–if there is a lack of a sufficient factual basis–appellate courts should vacate and remand the case for a restitution hearing because the trial judge is authorized to assess restitution, but the amount of restitution is not (yet) supported by the

---

an order "would be a denial of due process, tantamount to penalizing appellant for an offense of which he was acquitted"); *see also Matter of D.S.*, 921 S.W.2d 860, 861 (Tex. App.–San Antonio 1996, no writ) (restitution not authorized for burglary victim when juvenile pled "true" to lesser-included offense of criminal trespass).

[24] *Martin v. State,* 874 S.W.2d 674, 679–80 (Tex. Crim. App. 1994) (holding that a restitution order may not compensate all victims of a general scheme to defraud when the defendant was charged with defrauding only one investor).

[25] *Hanna*, 426 S.W.3d 87, 95 (Tex. Crim. App. 2014) (stating that "the damage must be a 'direct' result of the defendant's criminal offense—that is, the State must prove, by a preponderance of the evidence, that the loss was a 'but for' result of the criminal offense and resulted 'proximately,' or foreseeably, from the criminal offense."; State failed to establish that damage to light pole was caused by defendant's intoxicated driving).

[26] *See Campbell v. State*, 5 S.W.3d 693, 697 (Tex. Crim. App. 1999).

record.[27]  This is in keeping with the liberal public-policy purpose of Article 42.037, which favors restitution to crime victims.[28]  Other state and federal courts embrace the principle that vacating a restitution order and remanding the case to the trial court for a restitution hearing is appropriate when the record lacks sufficient evidence of the damages.[29]  Of course, if the

---

[27] *See Barton v. State*, 21 S.W.3d 287, 290 (Tex. Crim. App. 2000) ("The proper procedure where the amount of restitution ordered as a condition of community supervision is not supported by the record is to abate the appeal, set aside the amount of restitution, and remand the case for a hearing to determine a just amount of restitution."); *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980) ("Due process considerations . . . require that there must be evidence in the record to show that the amount set by the court has a factual basis"); *see also Beedy v. State*, 250 S.W.3d 107, 113 (Tex. Crim. App. 2008) (explaining the rationale for deleting unauthorized terms of probation on appeal while remanding for redetermination of restitution that is authorized but unsupported by the record; "The remedy applied depends on whether the trial judge acted lawfully. The trial judge in *Barton* was authorized to order restitution; the only defect present was that the amount of restitution was unsupported by the record. A remand for the purpose of a restitution hearing was therefore appropriate. *Ex parte Pena,* [739 S.W.2d 50, 51 (Tex. Crim. App. 1987)], in contrast, involved a condition of community supervision that was not authorized. It was therefore proper to delete the invalid condition without remanding for additional proceedings, including a remand so that the trial judge could consider the imposition of an alternative, lawful condition."); *see also Allen v. State*, 707 S.W.2d 670, 671-72 (Tex. App.–Houston [1st Dist.] 1986, no pet.).

[28] *See* 43A GEORGE E. DIX & JOHN M. SCHMOLESKY, TEXAS PRACTICE: CRIMINAL PRACTICE & PROCEDURE § 46.135, at 228 (3d ed. 2011) (explaining that "[a] remand to allow the State a second chance to prove the factual basis for the restitution has been held to be appropriate in light of the public policy favoring restitution to crime victims as expressed in Article 42.037 of the Code of Criminal Procedure, and the State is not barred from such a second opportunity because double jeopardy protections generally are not applicable to noncapital sentencing proceedings") (footnotes omitted).

[29] *See, e.g., United States v. Yeung*, 672 F.3d 594, 602 (9th Cir. 2012) ("Although district courts possess a degree of flexibility in accounting for a victim's complete losses, remand is appropriate where the restitution award lacks an adequate evidentiary basis and the district court failed to explain its reasoning.") (internal quotation marks omitted); *State v. Ring*, 321 P.3d 800, 808 (Mont. 2014) ("Where the court has not specified the amount of restitution to be paid, remand for further proceedings to determine an appropriate amount of restitution is an appropriate remedy."); *State v. Griffith*, 195 P.3d 506, 510 (Wash. 2008) (rejecting defendant's argument that restitution order should be deleted because of insufficient evidence and remanding case for redetermination because defendant "should pay restitution for her crime"); *Beqiri v. State*, 224 S.W.3d 575, 576 (Ark. Ct. App. 2006) ("[W]e have held that the remedy for irregularities in the calculation of restitution

parties agree on a restitution amount through stipulation or a plea deal, that agreement itself

is a sufficient factual basis to support the restitution order.[30]

With that general background, we turn to the issue in the present case.

## III.

The trial judge in this case orally pronounced the "fact" of restitution at sentencing, but

he did not state an amount. He told both parties that, if they could not agree upon a restitution

amount,[31] there would need to be a restitution hearing, and said, "The sooner we can get that

restitution matter taken care of, the better." This colloquy clearly put the defendant on notice

that restitution was part of his sentence.

This case is not like those in which neither the parties nor the judge ever mentioned

restitution during the sentencing hearing or as part of the oral pronouncement of sentence.[32]

---

lies in remand for a new hearing."); *Gray v. State*, 615 S.E.2d 834, 837 (Ga. Ct. App. 2005) (stating that "where we have found the restitution evidence insufficient to sustain the award, we have consistently remanded the case for a new restitution hearing"); *Winborn v. State*, 625 So. 2d 977, 977 (Fla. Dist. Ct. App. 1993) (prosecutor's statement of victim's losses was insufficient evidence to support restitution amount; case remanded for new restitution hearing). *See generally* George Blum, *Measure and Elements of Restitution to Which Victim Is Entitled Under State Criminal Statute*, 15 A.L.R. 5th 391 (1993).

[30] *See Jackson v. State*, 720 S.W.2d 153, 155 (Tex. App.–Houston [14th Dist.] 1986, pet. ref'd).

[31] An oral stipulation or written agreement signed by the defendant, his attorney, and the prosecutor would suffice. *See id.*

[32] *See, e.g., Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.); *Jones v. State*, 12-10-00001-CR, 2011 WL 241952, at *1 (Tex. App.—Tyler Jan. 26, 2011, no pet.) (not designated for publication); *Toler v. State*, 02-10-00033-CR, 2010 WL 5186799, at *1 (Tex. App.—Fort Worth Dec. 23, 2010, no pet.) ( not designated for publication); *Edwards v. State*, 09-10-00086-CR, 2010 WL 5023198, at *1 (Tex. App.—Beaumont Dec. 8, 2010, no pet.) (not designated for publication); *Lamaster v. State*, 07-09-0384-CR, 2010 WL 2891766, at *1 (Tex. App.—Amarillo

In those cases, the defendant was never put on notice that restitution might be ordered until it first appeared in the written judgment. That scenario leaves the defendant without notice and incapable of objecting or preparing a defense to the restitution order. That procedure–failing to mention restitution until its entry in the written judgment–also violates a defendant's legitimate expectation that the sentence actually received is the same as that orally pronounced in open court. In effect, the restitution order popped up unexpectedly in the written judgment. In those cases, the defendant was entitled to have the restitution order deleted because the written judgment did not match the oral pronouncement of sentence.[33]

In this case, however, restitution was part of the trial judge's oral pronouncement of sentence. The evidence at trial showed that a significant amount of restitution was a certainty as eighteen victims testified to losses exceeding $591,000. There is no dispute that appellant is criminally responsible for the offense of misapplication of fiduciary property. There is no dispute that the losses were caused by the defendant's criminal conduct. There is no dispute that restitution under Article 42.037 is authorized. And there is no dispute that the trial judge told the defendant when orally pronouncing his sentence that restitution would be ordered.

---

July 23, 2010, no pet.) (not designated for publication).

[33] *See Alexander*, 301 S.W.3d at 363 ("Because the requirement that Alexander pay $10,311.25 in restitution is punishment and part of his sentence in the judgment adjudicating his guilt, it must have been included in the trial court's oral pronouncement of sentence to be properly included in the written judgment; because it was not orally pronounced, the restitution order was deleted); *Jones*, 2011 WL 241952, at *2 ("As a general rule, when the trial court orders restitution in its written judgment, but not its oral pronouncement of judgment, the oral pronouncement controls, and the appropriate remedy is to modify the judgment and delete the restitution order."); *Toler*, 2010 WL 5186799, at *1 ("Because the trial court did not include restitution in its oral pronouncement of Toler's sentence, the court could not assess restitution in its written judgment.").

The problem in this case is that appellant was never told of the specific amount of restitution in open court and given an opportunity to challenge the sufficiency of the evidence or the specific amount of restitution due to each victim.

This case more comfortably falls within that body of our case law in which the trial judge has the authority to order restitution and did order restitution, but the evidence is insufficient to support the restitution amount ordered.[34]  In those cases, there was never a question about the defendant's responsibility for restitution.  Rather, the relevant question was what the restitution amount should be.  In those cases, we vacated the restitution orders and remanded the cases for a hearing in which the parties could offer evidence, object, and reach an accurate restitution amount.[35]

Because the trial judge in this case made restitution a part of his oral pronouncement of sentence, the restitution order should not be deleted.  Instead, the case should be remanded to the trial court for a hearing in which appellant will have the opportunity to object to the amount, introduce evidence to support his position, and exercise all of his due process rights. He is entitled to what the sentencing judge promised him: a restitution hearing if the parties themselves could not agree on the amount of restitution.  Notably, had the parties agreed to a specific restitution amount and had that amount been entered into the record, the need to remand could have been avoided and appellant's trip in the appellate orbit could have ended

---

[34] *See supra* note 27.

[35] *See Barton*, 21 S.W.3d at 289; *Cartwright*, 605 S.W.2d at 289; *Taylor*, 131 S.W.3d at 502; *Madding,* 70 S.W.3d at 135.

years ago.

We agree with the court of appeals that it is appropriate to remand a case for a restitution hearing when it is clear during the sentencing hearing that restitution will be ordered, but the amount or recipients of restitution are not orally pronounced. We therefore affirm the judgment of the court of appeals.

Delivered: October 15, 2014
Publish