ACCEPTED
04-15-00236-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/12/2015 1:04:54 PM
KEITH HOTTLE
CLERK

### No. 04-15-00236-CR

IN THE

FOURTH COURT OF APPEALS

OF TEXAS

AT SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

08/12/2015 1:04:54 PM

KEITH E. HOTTLE
Clerk

**SABRINA NICOLE ANGEL**,
Appellant

**v.**

**THE STATE OF TEXAS**,
Appellee

TRIAL CAUSE  NO. 436068
APPEAL FROM COUNTY COURT NO. 13 OF
BEXAR COUNTY, TEXAS
HONORABLE CRYSTAL CHANDLER, JUDGE PRESIDING

### APPELLANT'S BRIEF

RICHARD B. DULANY, JR.
Assistant Public Defender
Bexar County Public Defender's Office
101 W. Nueva St., Suite 370
San Antonio, Texas 78205
(210) 335-0701
FAX (210) 335-0707
richard.dulany@bexar.org
Texas Bar No. 06196400

ORAL ARGUMENT IS
NOT REQUESTED

ATTORNEY FOR APPELLANT

## Identity of Parties and Counsel

Pursuant to TEX.R.APP.P. 38.1(a), the parties are as follows:

**Sabrina Nicole Angel** was the Defendant and is the Appellant.

The **State of Texas**, by and through the Bexar County District Attorney's Office, prosecuted this case and is the Appellee.

For the State:
At trial:

      **Nicole Meyer**
      **Amanda Henarie Vasquez**
      Assistant District Attorneys
      Bexar County District Attorney's Office
      Paul Elizondo Tower
      101 W. Nueva St., Fourth Floor
      San Antonio, TX 78205

On appeal:  **Nicholas A. LaHood/Appellate Section**
      Bexar County District Attorney's Office
      Paul Elizondo Tower
      101 W. Nueva St., Suite 710
      San Antonio, TX 78205

For the Appellant:
At trial:

      **Theresa A. Connolly**
      Texas Bar No. 00790014
      Attorney at Law
      106 S. St. Mary's, Suite 260
      San Antonio, TX 78205

On appeal:  **Richard B. Dulany, Jr.**
      Texas Bar No. 06196400
      Assistant Public Defender
      Bexar County Public Defender's Office
      101 W. Nueva St., Suite 370
      San Antonio, TX 78205

<u>The Trial Court</u>:
Hon. **Crystal Chandler,** Judge Presiding
County Court at Law No. 13
Cadena-Reeves Justice Center
300 Dolorosa Street, Third Floor
San Antonio, TX 78205

## Table of Contents

Identity of Parties and Counsel ...................................................................................ii

Table of Contents .......................................................................................................iv

Index of Authorities .....................................................................................................v

A Note on Record References.......................................................................................vi

Certificate of Compliance with Word Limit.................................................................vi

Statement of the Case...................................................................................................1

Statement Regarding Oral Argument ...........................................................................2

First Issue for Review (Presented)................................................................................3

**The trial court orally pronounced that the $1,000 fine would be "fully probated," so the judgment must be modified reflect that the fine was probated and was not "ordered executed."**...............................................3

Statement of Facts ........................................................................................................4

Summary of the Argument............................................................................................8

Argument.......................................................................................................................9

    First Issue for Review (Restated) ...................................................................... 9

Conclusion and Prayer for Relief.................................................................................11

Certificate Of Service..................................................................................................11

# Index of Authorities

**Cases**

*Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014) ................................................. 9

*Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003) ..................................... 9

**Statutes**

TEX. PENAL CODE ANN. § 22.01(a) & (b) (West 2015) ....................................................... 1

TEX. PENAL CODE ANN. § 31.03(e)(4)(A) (West 2011) ..................................................... 1

**Rules**

TEX. R. APP. P. 9.10(a)(3) ....................................................................................................... 4

TEX.R.APP.P. 9.4(i)(1) ........................................................................................................... vi

TEX.R.APP.P. 9.4(i)(2)(B) ...................................................................................................... vi

### A Note on Record References

The reporter's record in this case consists of five volumes. Volume 1 is the Master Index. Volume 5 is the Exhibit Index. References to the reporter's record will be: ([Volume Number] RR at ___ ).

The clerk's record consists of a single volume. Thus, a reference to the clerk's record will be: (CR at ___ ).

### Certificate of Compliance with Word Limit

Pursuant to TEX.R.APP.P. 9.4(i)(1) & (i)(2)(B), the total word count is 2,190.

TO THE COURT OF APPEALS FOR THE FOURTH COURT OF APPEALS DISTRICT OF TEXAS:

This brief is filed on behalf of Appellant, Sabrina Nicole Angel, by Richard B. Dulany, Jr., an Assistant Public Defender with the Appellate Unit of the Bexar County Public Defender's Office. This is an appeal from a jury trial upon Appellant's plea of "not guilty" to the charged offense.

## Statement of the Case

Appellant, Sabrina Nicole Angel, was charged by information with assault causing bodily injury, a Class A misdemeanor.[1] (CR at 8). The offense was alleged to have been committed in Bexar County, Texas, on or about June 19, 2013. (CR at 8). A jury found Appellant guilty of the charged offense and she was placed on community supervision for one year, to begin on March 27, 2015. (CR at 38-39, 41). The trial court accurately certified that Appellant has the right of appeal. (CR at 40). Appellant was found to be indigent, and the Bexar County Public Defender's Office was appointed to represent her on appeal. (CR at 47). Trial counsel timely filed a notice of appeal on Appellant's behalf (CR at 43), and this appeal follows.

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a)(1) & (b) (West 2015).

1

## Statement Regarding Oral Argument

The issue raised in this appeal may be determined from the record and cited authority alone. For that reason, undersigned counsel does not request oral argument, but will present oral argument if it is requested by the State.

## First Issue Presented for Review (Presented)

**The trial court orally pronounced that the $1,000 fine would be "fully probated," so the judgment must be modified reflect that the fine was probated and was not "ordered executed."**

**Statement of Facts**

The voir dire proceedings are not summarized because they are not relevant to this appeal. The jury was sworn. (2 RR at 85). Trial on the merits began on March 26, 2015. (3 RR at 1). Appellant pleaded not guilty to the charged offense. (3 RR at 13). The facts of the case are summarized only briefly because the issue presented for review concerns only the written judgment.

**Felipe Arevalo** and Appellant are the biological parents of two children: V.A., a three year old girl, and E.A., a five-month old boy.[2] (3 RR at 20). On June 19, 2013, Arevalo and his then-girlfriend, Violet Lazarin,[3] were keeping V.A. and E.A. for Appellant while she was at work. (3 RR at 21). Arevalo drove to his immigration lawyer's office that day. Violet, V.A. and E.A. were in the vehicle with him. (3 RR at 24). Appellant and her friend or aunt, named "Laura," were already there, waiting in the lawyer's parking area. (3 RR at 24). Appellant saw Violet holding the baby boy, E.A., so Appellant started "hitting" Violet. (3 RR at 28). Arevalo claimed that he saw Appellant hit Violet on the ear and face. (3 RR at 28-29). Arevalo then ran around the vehicle and grabbed Appellant in "kind of like a bear hug." (3 RR at 29). He told her to "chill," but she was "all mad." (3 RR at 29). He moved Appellant away from Violet. (3 RR at 30). Arevalo heard Laura say

---

[2] Initials are used in place of the names of the minor children. TEX. R. APP. P. 9.10(a)(3).
[3] Arevalo had already married and divorced Violet by the time this case went to trial. He called Violet "my ex-wife" while testifying. (3 RR at 21-23).

to Appellant, "we have the kids, let's just leave." (3 RR at 30). He let go of Appellant, but she started hitting Violet again. (3 RR at 31). Arevalo grabbed Appellant again, and this time she bit his arm and hit his face. (3 RR at 31-32). He let Appellant go and she left with Laura and her children. Arevalo then called the police. (3 RR at 32). Photographs of Arevalo's injuries were admitted without objection as State's Exhibits 1-4. (3 RR at 33).

**Violet Lazarin** testified that she was dating Arevalo on June 19, 2013. (3 RR at 82). Violet said Appellant is Arevalo's "first baby mom." (3 RR at 82). She had never met Appellant until the day of the alleged assault. (3 RR at 105). Violet and Arevalo drove with the two children, V.A. and E.A., to the lawyer's office to discuss child custody. (3 RR at 84). Violet believed that Arevalo was supposed to give the children to Appellant that day. (3 RR at 84). As Violet was getting E.A. out of the car seat, she saw that Appellant was "having a discussion" with Arevalo. Violet said Appellant then saw her and "went towards" her to get E.A. (3 RR at 85). Appellant hit Violet because Violet wouldn't give E.A. to her. (3 RR at 86). Violet said, "…all [Appellant] was doing was trying to get her kids that day." (3 RR at 87). Violet finally released E.A. to Appellant, but Appellant kept hitting her anyway. (3 RR at 87). Appellant stopped hitting Violet when Arevalo restrained her the second time. (3 RR at 88). Violet never saw Appellant "do anything

5

physical to" Arevalo. (3 RR at 88). Photographs of Violet's injuries were admitted without objection as State's Exhibits 5-8. (3 RR at 90).

The State rested. (4 RR at 12).

**Sabrina Nicole Angel**, the Appellant, testified that she worked late the night before the alleged assault and asked Arevalo to watch the children. (4 RR at 17). Arevalo did not have scheduled visitation with the children that day. (4 RR at 44). Arevalo called Appellant on the morning of the alleged assault and told her he was not going to give the children back to her. (4 RR at 19). Arevalo said he was going to his lawyer's office. (4 RR at 20). Appellant knew where the lawyer's office was, so she had her aunt Laura take her there. (4 RR at 21).

Appellant saw Arevalo in the lawyer's parking lot, and saw a "random girl" holding her son, E.A. (4 RR at 22). Appellant twice asked the girl (Violet) to "give me my son." Violet said, "no," so Appellant grabbed E.A. from her arms and gave him to Laura. (4 RR at 22-23). Appellant did not strike Violet before taking E.A. from her. (4 RR at 26). But she saw Violet swing at her, so she grabbed Violet's hair and punched her with "a closed fist." (4 RR at 27). While Appellant was fighting with Violet, she said Arevalo came up to her and "slams his hands into my mouth, he busts my lip." (4 RR at 28). He then put her in a "chokehold" and dragged her to the back of the truck. (4 RR at 28). She did not fight him back.

6

Appellant said she did not bite Arevalo. (4 RR at 38). She slapped Arevalo first, before he hit her mouth. (4 RR at 39). She did it because she thought he was trying to take her kids away. (4 RR at 40). On cross-examination, Appellant agreed that she slapped Arevalo "out of pure anger" and not in defense of anyone. (4 RR at 43). Appellant did not call the police or take photos of the injuries that Arevalo caused to her. (4 RR at 43).

Both parties rested and closed. (4 RR at 51). Defense counsel affirmatively stated that she had "no objections" to the jury instructions in this cause. (4 RR at 65). The trial court instructed the jury on the defenses of self-defense and defense of another person. (CR at 17-29).

The jury found Appellant guilty of the charged offense. (4 RR at 106). The trial court determined punishment. (4 RR at 109). Appellant admitted that she hit Arevalo. (4 RR at 110). She lost her job because she could not take time off for the trial. (4 RR at 111). The trial court orally pronounced the sentence to include two years of probation and a fully probated $1,000 fine. (4 RR at 113-114). This appeal follows.

## Summary of the Argument

**First Issue for Review (Summarized):**

The judgment must be reformed to reflect the trial court's oral

pronouncement that the $1,000 fine imposed is "fully probated."

## Argument and Authorities

### First Issue for Review (Restated)

**The trial court orally pronounced that the $1,000 fine would be "fully probated," so the judgment must be modified reflect that the fine was probated and was not "ordered executed."**

The trial court orally pronounced the fine as part of the sentence: "I assess a $1,000 fine, that fine will be fully probated." (4 RR at 112). But the judgment states that the fine is "ordered executed."[4] (CR at 38). The judgment also states that Appellant owes a total of $1,357.00, because the $1,000 fine is erroneously included in the total amount of the costs. (CR at 39).

"A written judgment is simply the 'declaration and embodiment' of that pronouncement. Therefore, when there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls." *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014)(citations omitted). For that reason, the judgment must be amended to show that the fine was orally assessed to be "fully probated," and not as part of Appellant's sentence to be executed immediately. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003)("The solution in those cases in which the oral pronouncement and the

---

[4] The judgment recites: "THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT THE IMPOSITION OF SENTENCE (EXCEPT THAT PORTION THEREOF PERTAINING TO A FINE OF $1,000.00 AND COSTS OF PROSECUTION $357.00, WHICH IS HEREBY ORDERED EXECUTED) IS SUSPENDED." (CR at 38).

9

written judgment conflict is to reform the written judgment to conform to the

sentence that was orally pronounced").

## Conclusion and Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Appellant prays that his conviction be reversed for a new trial if her conviction in cause number 436067 is reversed, prays that the judgment be modified to reflect that the fine imposed is fully probated, and prays for all other relief to which she is entitled.

Respectfully submitted,

/s/ Richard B. Dulany, Jr.

_____
RICHARD B. DULANY, JR.
Texas Bar No. 06196400
Assistant Public Defender
Bexar County Public Defender's Office
101 W. Nueva St., Suite 370
San Antonio, Texas 78205
(210) 335-0701
FAX (210) 335-0707
richard.dulany@bexar.org

ATTORNEY FOR APPELLANT

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Appellant's Brief has been delivered electronically to the Bexar County District Attorney's Office, Appellate Division, Paul Elizondo Tower, 101 W. Nueva St., Suite 710, San Antonio, Texas 78205, on **August 12, 2015**.

/s/ Richard B. Dulany, Jr.

_____
RICHARD B. DULANY, JR.

11