

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00450-CV
_____

IN RE WILLIE RODRIGUEZ, JR., RELATOR

_____

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS
_____

January 17, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Willie Rodriguez, Jr., acting *pro se*, filed a petition for writ of mandamus requesting this Court to order the Honorable Jim Bob Darnell, Judge of the 140th District Court of Lubbock County, to vacate his "March 2, 2006 order declaring sentence[s] run 'consecutively (stack) in this case.'" The relief requested is somewhat unclear. We read it as a request to direct the trial judge to modify the way the two sentences were to be served by Rodriguez. He seems to suggest that in pronouncing the sentences, the trial court declared that they should run concurrently but in memorializing them via judgment it ordered them to run consecutively. And, because the oral pronouncement of sentence supersedes the sentence memorialized in the judgment, the judgments at issue should be corrected to illustrate that the sentences are to run concurrently. We deny the petition.

It is true that the sentence contained in the judgment must reflect that orally pronounced in open court. If there should be a conflict between the two, then the oral pronouncement controls. *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014).

The limited record before us illustrates that after the jury's verdicts as to punishment were read, the State moved the trial court to "stack" or run the two sentences consecutively. The trial court took the motion under advisement after releasing the jury. A day later, it reconvened for sentencing and granted the State's motion **before** sentence was pronounced. Then, sentence was orally pronounced, at which point the trial court ordered ". . . that the sentences run consecutively in this case." Such was then reflected in the written judgments.[1] There is no conflict between the oral pronouncement of the sentences and the sentences appearing in the judgments.[2]

The petition for writ of mandamus is denied.

Brian Quinn
Chief Justice

---

[1] Section 3.03(b)(2)(A) of the Texas Penal Code specifically authorizes a trial court to order sentences to run concurrently or consecutively when the accused is found guilty of more than one specific type of offense, including indecency with a child, that was committed against a victim younger than 17 years of age at the time of the commission of the offense. TEX. PENAL CODE ANN. § 3.03(b)(2)(A) (West Supp. 2016); *Gonzalez v. State*, No. 13-10-00308-CR, 2011 Tex. App. LEXIS 8733, at *23-24 (Tex. App.—Corpus Christi-Edinburg Nov. 3, 2011, no pet.) (mem. op., not designated for publication). Rodriguez does not dispute that he was convicted of two counts of indecency with a child who was under the age of 17 arising out of the same criminal episode. See TEX. PENAL CODE ANN. § 3.03(b)(2)(A).

[2] To the extent Rodriguez could be contending that the oral pronouncements and written judgments somehow deviated from the **jury's** verdict to have the sentences run concurrently, the record does not reflect that the jury so declared. Nor was it within its authority to so declare. Statute rests that discretion to order sentences to run either consecutively or concurrently in the trial court. TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West Supp. 2016) (stating ". . . in the discretion **of the court**, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly. . . .").