

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00283-CR

ERNESTO G. ORTIZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 69th District Court
Moore County, Texas
Trial Court No. 4869, Honorable Ron Enns, Presiding

November 26, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Ernesto Ortiz, appellant, appeals his conviction for felony driving while intoxicated. He initially pled guilty to an agreed sentence of ten years which was suspended, and appellant was placed on ten years' probation. Subsequently, the State filed a motion to revoke appellant's community supervision which included several violations of his probation conditions. A hearing was conducted, and appellant pled not true to the allegations therein. Ultimately, the trial court granted the motion, revoked appellant's community supervision, and sentenced him to eight years in prison. Appellant appealed.

Appellant's counsel has filed a motion to withdraw, together with an *Anders*[1] brief. Through those documents, he certifies to the court that, after diligently searching the record, the appeal is without merit. Accompanying the brief and motion is a copy of a letter sent by counsel to appellant informing the latter of counsel's belief that there is no reversible error and of appellant's right to file a response, *pro se,* to counsel's *Anders* brief. So too did counsel provide a copy of the appellate record, according to the letter. By letter dated October 16, 2018, this court also notified appellant of his right to file his own brief or response by November 15, 2018, if he wished to do so. To date, no response has been received.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal which included 1) appellant's due process rights, specifically, the right to be provided a written statement by the fact-finder as to the evidence relied on and the reasons for revoking probation, 2) whether sentencing was in the applicable punishment range, and 3) whether appellant received effective assistance of counsel. However, he then explained why the issues lacked merit.

In addition, we conducted our own review of the record to assess the accuracy of counsel's conclusions and to uncover arguable error pursuant to *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008), and *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). That review led us to agree with counsel's assessment except in one instance.

---

[1] *See Anders v. California,* 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

The trial court's judgment discloses that appellant was ordered to pay "Restitution/Reparation" in the amount of $539.00. The components of the $539 sum are reflected in "Exhibit C" to the judgment. However, in orally pronouncing sentence after adjudicating guilt and convicting appellant, the trial court said nothing of either restitution or reparations. This is problematic since "restitution" is a form of punishment, the assessment of which must be announced in open court when the defendant is sentenced. *Brown v. State*, No. 02-08-063-CR, 2009 Tex. App. LEXIS 5155, at *4-6 (Tex. App.—Fort Worth July 2, 2009, no pet.) (mem. op., not designated for publication). If it is not so announced, the defendant is entitled to have the restitution order deleted from the judgment. *Burt v. State*, 445 S.W.3d 752, 760 (Tex. Crim. App. 2014) (so recognizing). The same is not true of "reparations," however. They are not part of the defendant's sentence and need not be orally pronounced during sentencing before inclusion in the written judgment. *Demerson v. State*, No. 02-18-00003-CR, 2018 Tex. App. LEXIS 5794, at *5-6 (Tex. App.—Fort Worth July 26, 2018, no pet.) (mem. op., not designated for publication).

Per "Exhibit C," that portion of the $539 "Restitution/Reparation" amount attributable to restitution is $79.50.[2] The trial court not having orally directed appellant to pay restitution as part of his punishment, it cannot be assessed via the written judgment. Consequently, we will deduct it from the $539 sum.

---

[2] The remaining components of the $539 sum reflect expenses arising from services or programs ordered by the court as conditions of appellant's original probation. Those conditions also obligated appellant to pay the expenses attributable to those services or programs.

That portion of the final judgment ordering appellant to pay "Restitution/Reparation" is modified to reflect the amount payable as $459.50. In all other things, the judgment is affirmed. The pending motion to withdraw is also granted.[3]

Brian Quinn
Chief Justice

Do not publish.

---

[3] Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals.