

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00187-CR

_____

DOMINIQUE SHEPPARD, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1501858R

_____

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Dominique Sheppard was indicted on two counts of assault-family violence with a previous assault-family violence conviction. *See* Tex. Penal Code Ann. § 22.01. Sheppard pleaded not guilty to count one, which alleged that he had impeded the complainant's normal breath or blood circulation by applying pressure to her throat or neck. He pleaded guilty to count two, which alleged that he had caused bodily injury to the complainant by "squeezing her with his hand, or by pushing her into or against a wall with his hand." The jury acquitted Sheppard of count one and found him guilty of count two,[1] but the judgment on count two reflects "assault-family member impede breath/circula/prev conv," i.e., the offense alleged in count one, while the judgment of acquittal on count one reflects "assault family/household member with previous conviction," i.e., the offense alleged in count two.

In two points, Sheppard appeals his conviction on count two, arguing that the jury fee assessed under code of criminal procedure article 102.004(a) is facially unconstitutional as a violation of the state constitution's separation-of-powers clause and that the trial court's judgment incorrectly states the offense of which he was convicted.

The State acknowledges—and the record reflects—that the written judgment "inverts the[] two charges," and it asks us to modify the judgment to reflect

---

[1]The trial court assessed Sheppard's punishment for his conviction on count two at six years' confinement.

Sheppard's actual conviction. *See Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) ("When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls."); *see also Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014) (reciting that a trial judge has neither the statutory authority nor the discretion to orally pronounce one sentence in front of the defendant but then to enter a different written judgment outside the defendant's presence). Accordingly, we sustain Sheppard's second point and modify the judgment to reflect Sheppard's actual conviction.

With regard to Sheppard's first point, we recently held in *Alvarez v. State*, No. 02-18-00193-CR, 2019 WL 983750, at *4–5 (Tex. App.—Fort Worth Feb. 28, 2019, no pet. h.), that article 102.004(a) is not facially unconstitutional as violating the separation-of-powers clause of the Texas constitution. Accordingly, we decline his invitation to reconsider that ruling, overrule his first point, and affirm the trial court's judgment as modified.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 7, 2019

3