

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00251-CR

JOSUE DELTORO,

                                                  **Appellant**

 **v.**

THE STATE OF TEXAS,

                                                  **Appellee**

### From the 77th District Court
### Limestone County, Texas
### Trial Court No. 13431-A

## MEMORANDUM OPINION

Josue Deltoro pled guilty to the offense of engaging in organized criminal activity, theft of cattle. *See* TEX. PENAL CODE § 71.02(a). An adjudication of guilt was deferred, and Deltoro was placed on community supervision for ten years. The State filed a motion to adjudicate alleging nine violations of the terms of Deltoro's community supervision. After a hearing, the trial court adjudicated Deltoro guilty and sentenced him to 15 years in prison.

Deltoro's appointed counsel filed a motion to withdraw and a brief in support of

the motion asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous pursuant to the United States Supreme Court opinion in *Anders*, but also presenting what counsel believed to be nonreversible error in the judgment pursuant to this Court's order in *Allison*. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *Allison v. State*, 609 S.W.3d 624, 628 (Tex. App.—Waco 2020, order). However, counsel's brief is really a brief on the merits. *See Shircliff v. State*, 654 S.W.3d 788, 791 (Tex. App.—Waco 2022, no pet.).

The issue counsel presented as an issue of nonreversible error is that the trial court was without a lawful basis to enter a special finding that Deltoro pay restitution as a condition of parole. Restitution is punishment and is part of the sentence. *See Burt v. State*, 445 S.W.3d 752, 756 (Tex. Crim. App. 2014); *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006). As such, an error as to restitution is reversible error; that is, error that could result in the reversal, in whole or in part, of the sentence imposed, *see Cummins v. State,* 646 S.W.3d 605, 615 (Tex. App.—Waco 2022, pet. ref'd), not nonreversible error. *See Burt,* 445 S.W.3d at 761 (restitution amount not pronounced resulted in remand for punishment hearing); *Cavazos*, 203 S.W.3d at 338-339 (judgment with restitution determined to be greater offense over judgment without restitution); *Shircliff,* 654 S.W.3d at 791 (if fee was restitution, brief would be brief on the merits). Thus, counsel's issue regarding restitution is an issue of reversible error, and his brief is a brief on the merits[1]

---

[1] In this case, the State was afforded an opportunity to respond, and did respond, to counsel's restitution issue. *See Cummins v. State*, 646 S.W.3d 605, 615 (Tex. App.—Waco 2022, pet. ref'd) (State is expected to file a response addressing the merits of the nonreversible error presented).

rather than an *Anders* brief.  *See Shircliff,* 654 S.W.3d at 791.

In this case, the trial court orally pronounced restitution as a condition of parole at Deltoro's sentencing hearing.  Deltoro raised no objection to that pronouncement. Challenges to restitution orders must be raised in the trial court to preserve them for appellate review.  *Garcia v. State*, No. PD-0025-21, 2022 Tex. Crim. App. LEXIS 129, at *11 (Crim. App. Mar. 2, 2022) (publish).  Because Deltoro did not object to the restitution ordered, though he had the opportunity to do so, he has forfeited his complaint on appeal.[2]  *Id.*

Accordingly the trial court's Judgment Adjudicating Guilt is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Johnson, and
  Justice Smith
Affirmed
Opinion delivered and filed February 22, 2023
Do not publish
[CR25]



---

[2] Deltoro contends the restitution order makes the judgment void; thus, he may raise the issue for the first time on appeal.  However, restitution orders cannot make a sentence illegal.  *See Burg v. State*, 592 S.W.3d 444, 451 (Tex. Crim. App. 2020)