

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00457-CR

Douglas Wayne **THOMAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR13170
Honorable Jefferson Moore, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:     Rebeca C. Martinez, Chief Justice
          Patricia O. Alvarez, Justice
          Beth Watkins, Justice

Delivered and Filed: March 22, 2023

AFFIRMED AS MODIFIED

Appellant Douglas Wayne Thomas pled nolo contendere to the second degree felony offense of aggravated assault. *See* TEX. PENAL CODE ANN. §§ 12.33, 22.02. On February 5, 2019, the trial court ordered that adjudication of guilt be deferred, and it placed appellant on community supervision for six years and assessed a $1,000 fine. On September 4, 2020, the State filed a motion, seeking an adjudication of guilt and the revocation of appellant's community supervision. On June 6, 2022, the trial court held a hearing, at which appellant pled "true" to violating conditions of his community supervision. After receiving this plea, the trial court found appellant

had violated conditions of his community supervision. The trial court then revoked appellant's community supervision and found him guilty of the underlying offense. On July 14, 2022, the trial court held a hearing, at which it again revoked appellant's community supervision, found him guilty of the underlying offense, and orally assessed a sentence of incarceration for seven years, crediting appellant for the time he had served prior to that date. In addition, the trial court's judgment imposes a $1,000 fine.

Appellant appeals only the imposition of a $1,000 fine in the judgment on the ground that the trial court did not orally pronounce the fine when it pronounced his sentence at the July 14, 2022 adjudication hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (requiring sentence to be orally pronounced in defendant's presence). The State concedes error.

In *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004), the Court of Criminal Appeals held that when a defendant is placed on deferred adjudication and later adjudicated guilty, "the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine." Therefore, if the trial court does not orally pronounce the fine at the time guilt is adjudicated but includes the fine in its written judgment, there is a conflict between the two and the oral pronouncement controls, requiring the fine to be deleted from the judgment. *Id.*; *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). Here, the deferred adjudication order includes a $1,000 fine, as does the judgment signed after adjudication of guilt and revocation of community supervision. However, because the trial court did not orally pronounce the fine at the time of adjudication, the fine must be deleted from the judgment. *See Taylor*, 131 S.W.3d at 502 (noting unique circumstances of deferred adjudication, in contrast to regular probation in which sentence is imposed and then suspended); *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014) ("A trial judge has neither the statutory authority nor the discretion to orally pronounce one

sentence in front of the defendant, but then enter a different written judgment outside the defendant's presence.").

Therefore, we modify the judgment to delete the assessment of the $1,000 fine against appellant.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH