

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00134-CR
No. 02-22-00135-CR
No. 02-22-00136-CR
No. 02-22-00137-CR

_____

TAWANA CHRISTINA BARNES, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court Nos. 1679747D, 1679749D, 1708347D, 1712149D

---

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

### I. Introduction

Appellant Tawana Christina Barnes appeals the inclusion of restitution in two of her four judgments of conviction and argues that one of the remaining judgments does not support the $355 in its attached order to withdraw funds because the judgment "specifically states that those costs and fees are to be credited for time served." We delete the order to withdraw funds but otherwise affirm the trial court's judgments because restitution is a community-supervision condition to which Barnes did not object.

### II. Background

Barnes stole $143,339.02 from her dental-office employer between 2017 and 2021. She also used her employer's Drug Enforcement Agency number to write prescriptions for herself and her family members. After she was fired, Barnes found a job at another dental office and stole $10,782.55 from that employer between May and September 2021.[1]

In the subsequent consolidated trial on drug possession via fraudulent prescriptions[2] and theft offenses,[3] Barnes pleaded guilty and asked the jury to assess

---

[1]Barnes's dental-office crime spree began in 2016 when she stole $30,000 from another dentist but returned the money and was not prosecuted.

[2]The prescription-related cases were cause number 1679747D (02-22-00134-CR) (Phentermine) and cause number 1679749D (02-22-00135-CR) (Carisoprodol). *See* Tex. Health & Safety Code Ann. § 481.129.

her punishment. During the punishment trial, Barnes testified that she had offered to work to pay back the money if she were given probation, and she asked for probation so that she could find a job and pay restitution. Barnes stated, "I know that given the opportunity for probation, I will pay them back. I will work hard. I will make sure I make restitution."

During closing arguments, the prosecutor asked the jury to give Barnes a ten-year sentence for each drug conviction, to give her the maximum sentences and probation for each theft conviction, and to order her to "make restitution . . . for all that money that she stole" after she served her jail time. Defense counsel asked for probation on all of the charges "because the only way that she can make restitution to these dentists is by being out of jail and working." Defense counsel also pointed out that restitution payments would be made through the court so that the trial court could revoke Barnes's probation if she failed to make her payments.

The jury deliberated for two hours before assessing seven years' confinement in each drug case, two years' confinement in the state-jail-felony-theft case, and ten years' confinement in the third-degree-felony-theft case; it recommended community supervision in the theft cases.

---

[3]The theft cases were cause number 1708347D (02-22-00136-CR), a third-degree felony in the aggregate value of $30,000 or more but less than $150,000, and cause number 1712149D (02-22-00137-CR), a state-jail felony in the aggregate value of $2,500 or more but less than $30,000. *See* Tex. Penal Code Ann. § 31.03.

The trial court sentenced Barnes accordingly and set the sentences to run concurrently. It suspended Barnes's theft sentences and placed her on community supervision for five years for the state-jail-felony theft and for ten years for the third-degree-felony theft. At that time, the trial court warned Barnes that she would be subject to "the terms and conditions of the community supervision that an officer [would] go over with [her]." The community-supervision conditions, which were signed by Barnes that day, state, "RESTITUTION TO BE DETERMINED."

Less than ten days later, the trial court held a hearing on the State's restitution motions. Barnes was present for the hearing. At the hearing's conclusion, the trial court orally announced that Barnes owed $138,839.55 in restitution for the third-degree-felony theft, which would be partially garnished from her inmate account while in custody, and $10,228.55 in restitution for the state-jail-felony theft, which would not be garnished while Barnes was in custody. The trial court supplemented the community-supervision conditions to reflect the amount of restitution ordered in each theft case.

The judgment of conviction for the third-degree-felony theft lists restitution in the amount of $138,839.55 "(see Cond. C.S.)" and notes that the amount is to be partially garnished from Barnes's inmate account with the remainder to be paid upon release "monthly and calculated by dividing total remaining amount of restitution by number of months remaining on ordered probation." The judgment of conviction for the state-jail-felony theft lists restitution in the amount of $10,228.55 "(see Cond.

4

C.S.)" and notes that the amount is to be paid after Barnes's release from incarceration with the "amount payable per month being $10,228.55 divided amo[ng] [the] remaining months ordered for [the] probation sentence."

### III. Discussion

In her first two points, Barnes complains that restitution was not pronounced orally at the punishment trial's conclusion and must be deleted from the theft judgments, referring us to *Burt v. State*, 445 S.W.3d 752 (Tex. Crim. App. 2014), to support her argument. But *Burt* did not involve restitution as a community-supervision condition. *Cf. id.* at 754–56. Rather, at the sentencing hearing, the trial court notified the defendant, who had been convicted of misapplication of fiduciary property in excess of $200,000 and had been sentenced to fourteen years' confinement, that restitution would be assessed, but the trial court did not specify the amount at that time. *Id.* at 754, 759. The next day, in the parties' absence and without a hearing or any agreement by the parties, the trial court entered $591,000 restitution in the written judgment. *Id.* at 755–56.

The Court of Criminal Appeals noted that when a defendant is not put on notice that restitution might be ordered until it appears in the written judgment—such as when neither the parties nor the trial court mentions restitution during the sentencing hearing or during the sentence's oral pronouncement—this violates the defendant's legitimate expectation that the sentence actually received is the same as that orally pronounced in open court. *Id.* at 759–60. In such a case, a defendant is

5

entitled to have the restitution order deleted because the written judgment does not match the sentence's oral pronouncement. *Id.* at 760.

In contrast, if restitution constitutes part of the trial court's oral pronouncement, if the evidence at trial shows that a significant amount of restitution is a certainty, and if there is no dispute about the defendant's criminal liability for the loss, then when the dispute is about the restitution's specific amount, the order should be vacated and remanded for a hearing to determine an accurate restitution amount and to provide the defendant with due process. *Id.* The court concluded in *Burt* that the appropriate result was to remand for a hearing on the amount of restitution. *See id.*

Here, community supervision involving restitution was discussed during the sentencing hearing. *See id.* at 761; *see also Burg v. State*, 592 S.W.3d 444, 451 (Tex. Crim. App. 2020) (identifying items that do not make a sentence illegal and listing community-supervision terms that "includ[e] restitution when it is a condition of probation"). The trial court informed Barnes during its oral pronouncement that she would be subject to the conditions of community supervision, and the community-supervision conditions signed by Barnes that day state, "RESTITUTION TO BE DETERMINED." The trial court then held a hearing—at which Barnes was present—on the amount of restitution to be included in the community-supervision conditions. *See Gutierrez-Rodriguez v. State*, 444 S.W.3d 21, 24 (Tex. Crim. App. 2014) (holding that when restitution and its basis were discussed at trial and the appellant did not object to the restitution requirement in her probation conditions, she could

6

not raise the issue on appeal because "she [had] bound herself to the terms of the probation contract by accepting the benefits of the contract without objection").

The record shows that Barnes did not object to the restitution community-supervision condition for her theft cases when she had the opportunity to do so and that she otherwise received due process regarding the amount of restitution and its inclusion in the conditions. *See id.*; *cf. Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.).[4] We overrule her first two points.

In her third point, Barnes argues that her Phentermine-possession judgment does not support the $355 in the trial court's order to withdraw because the judgment "specifically states that those costs and fees are to be credited for time served," and she asks that the judgment be modified to delete the withdrawal order. The State agrees. *See* Tex. Code Crim. Proc. Ann. art. 43.09(b). We sustain Barnes's third point.

---

[4]In *Alexander*, we deleted a restitution order for lack of oral pronouncement at sentencing upon revocation of a defendant's deferred-adjudication community supervision. 301 S.W.3d at 364. The defendant had pleaded guilty and had received five years' deferred-adjudication community supervision, which included the payment of $10,871.25 as a condition. *Id.* at 362. Upon revocation, the trial court adjudicated the defendant guilty and orally sentenced him to ten years' confinement but did not orally pronounce the remaining $10,311.25 in restitution that it had included in the written judgment. *Id.* Because Barnes's complaint pertains to an unobjected-to community-supervision condition and not a revocation and subsequent failure to pronounce, *Alexander* is inapposite.

## IV. Conclusion

Having sustained Barnes's third point, we delete the order to withdraw in cause number 1679747D (02-22-00134-CR) and affirm that judgment as modified. Having overruled Barnes's first and second points, we affirm the remaining judgments.[5]

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 27, 2023

---

[5]This includes the judgment in the Carisoprodol case as Barnes does not raise any point challenging that conviction.