

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00059-CR

---

**QUINCEY G. PARKER, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 485th District Court
Tarrant County, Texas[1]
Trial Court No. 1846907, Honorable Steve Jumes, Presiding

---

December 15, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Quincey G. Parker, appeals from the trial court's judgment finding him guilty of unlawful possession of a firearm by a felon, a third-degree felony.[2]  He was

---

[1] This cause was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas.  *See* TEX. GOV'T CODE § 73.001.  In the event of any conflict, we apply the transferor court's case law.  TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE § 46.04(a)(2), (e).

sentenced as a repeat offender to 20 years' confinement in prison.[3]  Through two issues,

Appellant contends that the judgment should be corrected to reflect the statute of offense,

and the bill of costs should be modified.  The State concedes error.  We modify the

judgment and bill of costs and affirm the judgment as modified.

**ANALYSIS**

This Court has the power to modify an incorrect judgment when we have the

necessary information to do so.  TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26,

27–28 (Tex. Crim. App. 1993) (en banc).  The power to reform a judgment is "not

dependent upon the request of any party, nor does it turn on the question of whether a

party has or has not objected in the trial court."  *See Asberry v. State*, 813 S.W.2d 526,

529–30 (Tex. App.—Dallas 1991, pet. ref'd).

Issue One – Statute of Offense

In this case, Appellant was convicted of unlawful possession of a firearm away

from the premises where Appellant lived after he was convicted of a felony and after the

fifth anniversary of his release from confinement, community supervision, parole, or

mandatory supervision.  *See* TEX. PENAL CODE § 46.04(a)(2).  However, the judgment

incorrectly states that Appellant was convicted under section 46.04(e).  The indictment,

court's charge, and jury verdict provide this Court with sufficient facts in the record to

permit this Court to correct the judgment to reflect the statute of the offense of conviction

---

[3] The punishment range for the conviction was enhanced to that of a second-degree felony because Appellant had been finally convicted of a prior felony.  *See* TEX. PENAL CODE § 12.42(a).  A second-degree felony is punishable by imprisonment for a term of two to twenty years.  *Id.* § 12.33(a).

as section 46.04(a)(2).  Accordingly, we modify the judgment to identify the "statute of offense" to be section 46.04(a)(2) of the Texas Penal Code.  We sustain Appellant's first issue.

Issue Two – Court Costs

After pronouncing Appellant's sentence, the trial court stated, "I will also zero out any fees or court costs on the basis of time that you have already served."  However, the judgment reflects a special finding that court costs of $290.00 and reimbursement fees of $60.00 will run concurrent with the sentence.  Further, the bill of costs shows that Appellant owes no court costs but that he owes $60.00 of reimbursement fees.  "[W]hen there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls."  *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014).  As a result of the pronouncement, the judgment is modified to delete the finding that court costs and reimbursement fees will run concurrent with the sentence.  The bill of costs is modified to delete "Total Reimbursement Fees $60.00" and Appellant's balance is $0.00.  We sustain Appellant's second issue.

## CONCLUSION

Having sustained Appellant's issues, we modify the judgment and bill of costs as set forth herein.  We affirm the trial court's judgment as modified.

Judy C. Parker
Justice

Do not publish.

3