# NO. 12-16-00102-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EDDIE RAY JACKSON,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Eddie Ray Jackson appeals the trial court's order revoking community supervision.  In two issues, Appellant argues that the trial court erred by assessing attorney's fees, and that the evidence is insufficient to support the restitution order.  We affirm.

### BACKGROUND

Appellant was charged by indictment with forgery.  Pursuant to a plea bargain agreement with the State, Appellant pleaded "guilty" to the offense, and after deferring a finding of guilt, the trial court placed Appellant on community supervision for a period of three years.  As a condition of Appellant's community supervision, the trial court ordered that he pay $1,565.32 in restitution.

Subsequently, the State filed an application to proceed to final adjudication alleging that Appellant had violated certain conditions of his community supervision.  The trial court granted the State's application, adjudicated Appellant's guilt, and assessed his punishment at imprisonment for two years, suspended for a period of five years.  The trial court again ordered that he pay $1,565.32 in restitution.

Thereafter, the State filed an application to revoke Appellant's community supervision. The trial court granted the application, assessed Appellant's punishment at imprisonment for

eighteen months, and ordered that he pay the remaining $1,270.32 in restitution. This appeal followed.

**ATTORNEY'S FEES**

In Appellant's first issue, he contends that the trial court erred by imposing attorney's fees against him.

**Standard of Review and Applicable Law**

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When the imposition of court costs is challenged on appeal, we review the assessment of costs to determine if there is a basis for the costs, not to determine if sufficient evidence to prove each cost was offered at trial. *Id.* A bill of costs is not required to sustain statutorily authorized and assessed court costs, but it is the most expedient and, therefore, the preferable method. *Id.* at 396. If a bill of costs is omitted, one can be prepared and presented to the appellate court in a supplemental clerk's record. *Id.* at 392.

A trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2016). But once a criminal defendant has been determined to be indigent, he "is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2016). Before attorney's fees may be imposed, the trial court must make a determination supported by some factual basis in the record that the defendant has the financial resources to enable him to offset in part or in whole the costs of the legal services provided. *See Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.). If the record does not show that the defendant's financial circumstances materially changed, there is no basis for the imposition of attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer v. State*, 309 S.W.3d 552, 553, 557 (Tex. Crim. App. 2010); *Johnson*, 405 S.W.3d at 354.

No objection is necessary to preserve a claim that there is no evidence of a defendant's ability to pay attorney's fees. *Mayer*, 309 S.W.3d at 556. But where such a claim arises from an order originally imposing community supervision, the defendant must bring it in a direct appeal from that order or risk forfeiture. *Wiley v. State*, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013).

2

The claim is forfeited if the defendant was aware of his obligation to pay the fees but did not bring the claim in a direct appeal. *Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015).

## Analysis

Appellant argues that the trial court erred by imposing attorney's fees against him without evidence of his ability to pay them. He first contends that because the record does not contain a bill of costs, we should modify the trial court's judgment to delete all of the court costs. Alternatively, Appellant contends that we should modify the trial court's judgment to delete only the attorney's fees. We decline to do either.

First, we note that after Appellant filed his brief, the record was supplemented with a bill of costs. *See Johnson*, 423 S.W.3d at 392. The bill of costs lists court costs totaling $604, including $300 in attorney's fees. However, the assessment of court costs in the final judgment is $179, which is less than the court costs without the attorney's fees. Thus, the bill of costs provides a basis for the final court cost assessment. *See id.* at 390.

Furthermore, even if the attorney's fees were included in the final judgment, Appellant has forfeited his claim that they are improper. Because Appellant's claim arises from the order originally imposing community supervision, he was required to bring it in a direct appeal from that order, if he was aware of his obligation to pay the fees. *See Wiley*, 410 S.W.3d at 318; *Riles*, 452 S.W.3d at 337. The record shows that Appellant was aware of this obligation. He signed his Conditions of Community Supervision, which provided that he was to "[p]ay all court cost [sic], including any appointed counsel fee at the rate of $20 each month beginning June 2014." We conclude that Appellant forfeited his claim by failing to bring it in a direct appeal from the order imposing community supervision. *See id.* Accordingly, we overrule Appellant's first issue.

## RESTITUTION

In Appellant's second issue, he argues that there is insufficient evidence in the record to support the assessment of restitution.

## Standard of Review and Applicable Law

An appellate court reviews a challenge to a restitution order under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980). Due process is implicated when the trial court abuses its discretion in setting the amount of restitution. *See id.* There must be sufficient evidence in the record to support a trial court's

restitution order, and the defendant is not required to object to preserve an evidentiary sufficiency challenge concerning the order. *See Mayer v. State*, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010). Due process places the following limitations on the restitution a trial court may order: (1) the restitution must be for injuries or damages for which the defendant is criminally responsible, (2) the restitution must be directed to the victim or victims of the offense, and (3) the restitution amount must be just and supported by a factual basis in the record. *Burt v. State*, 445 S.W.3d 752, 758 (Tex. Crim. App. 2014).

While no objection is necessary to preserve a sufficiency challenge, if such a claim arises from an order originally imposing community supervision, the defendant must bring it in a direct appeal from that order or risk forfeiture. *Manuel v. State*, 994 S.W.2d 658, 662 (Tex. Crim. App. 1999); *see Bailey v. State*, 160 S.W.3d 11, 13 (Tex. Crim. App. 2004). The claim is forfeited if the defendant was aware of his obligation to pay the restitution but did not bring the claim in a direct appeal. *See Riles*, 452 S.W.3d at 337.

**Analysis**

Appellant argues that the evidence is insufficient to show that the restitution is directed to the victim or victims of the offense. *See Burt*, 445 S.W.3d at 758. However, even if the evidence is insufficient, Appellant has forfeited his claim. Because Appellant's claim arises from the order originally imposing community supervision, he was required to bring it in a direct appeal from that order, if he was aware of his obligation to pay the restitution. *See Manuel*, 994 S.W.2d at 662; *Bailey*, 160 S.W.3d at 13; *Riles*, 452 S.W.3d at 337.

The record shows that Appellant was aware of his obligation to pay restitution. He signed his Conditions of Community Supervision, which provided that he was to "[p]ay restitution in the total amount of $1,565.32 at the rate of $50 each month beginning June 2014." Moreover, Appellant acknowledged at his sentencing hearing that he had reviewed his presentence investigation report, which contains the victim's affidavit with the amount of restitution. Finally, the trial court orally pronounced the restitution order when it placed him on deferred adjudication community supervision. We conclude that Appellant forfeited his claim by failing to bring it in a direct appeal from the order imposing community supervision. *See id.* Accordingly, we overrule Appellant's second issue.

4

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered August 17, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 17, 2016**

**NO. 12-16-00102-CR**

**EDDIE RAY JACKSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0111-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*