# NO. 12-18-00343-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JERRY ANDREA PRUITT,*<br>*APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jerry Pruitt appeals his conviction for possession with intent to deliver. In two issues, Appellant contends the judgment should be reformed to delete the restitution and attorney's fees awards. We modify the trial court's judgment and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with possession of four or more but less than 200 grams of methamphetamine, with intent to deliver. Appellant pleaded "guilty" without an agreement as to punishment. The trial court sentenced Appellant to fifteen years imprisonment, ordered him to pay $1,800 in attorney's fees for his court-appointed counsel, and further ordered him to pay $180.00 in restitution to the Texas Department of Public Safety (DPS) Crime Laboratory. This appeal followed.

## RESTITUTION ASSESSMENT

In his first issue, Appellant contends the written judgment's award of restitution should be deleted because it was not included in the trial court's oral pronouncement.[1]

---

[1] The parties do not address preservation; however, preservation of error is a systemic requirement that a first-level appellate court should review on its own motion. *See* ***Mays v. State***, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009). We conclude that Appellant's complaints are preserved for our review, as he had no opportunity to object

An appellate court reviews a challenge to a restitution order under an abuse of discretion standard. ***Cartwright v. State***, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980). Due process is implicated when the trial court abuses its discretion in setting the amount of restitution. *See **id***. There must be sufficient evidence in the record to support a trial court's restitution order, and the defendant is not required to object to preserve an evidentiary sufficiency challenge concerning the order. *See **Mayer v. State***, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010). Due process places the following limitations on the restitution a trial court may order: (1) the restitution must be for injuries or damages for which the defendant is criminally responsible, (2) the restitution must be directed to the victim or victims of the offense, and (3) the restitution amount must be just and supported by a factual basis in the record. ***Burt v. State***, 445 S.W.3d 752, 758 (Tex. Crim. App. 2014).

It is well-settled that when there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls. ***Id.*** at 757; ***Taylor v. State***, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); ***Thompson v. State***, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). The solution in such a situation is to reform the written judgment to conform to the trial court's oral pronouncement. ***Thompson***, 108 S.W.3d at 290.

The record indicates that the trial court orally pronounced Appellant's sentence following a hearing, evidence, and testimony. Specifically, the trial court stated:

> I'm going to sentence you to 15 years confinement in TDC. I remand you into the custody of the Cherokee County sheriff for you to complete your sentence. I'll give you credit for the time you've served.

At no time did the trial court mention ordering that Appellant pay restitution.

However, the trial court's written judgment includes $180.00 in restitution payable to the DPS Crime Lab. The State contends that the plea recommendation included the restitution, which put Appellant on notice of the award. We disagree. The term "open plea" acknowledges that the guilty plea is open to sentencing implications. ***State v. Moore***, 240 S.W.3d 248, 254 (Tex. Crim. App. 2007); ***Sieloff v. State***, No. 05-14-01300-CR, 2015 WL 4600471, at *2 (Tex. App.—Dallas July 31, 2015, no pet.) (mem. op., not designated for publication). Therefore, it is axiomatic that

---

before the restitution award was included in the written judgment. *See **Landers v. State***, 402 S.W.3d 252, 255 (Tex. Crim. App. 2013).

the trial court was free to impose any sentence within the punishment range, including restitution, regardless of the plea recommendation. At no time during the sentencing did the trial court make any statements to indicate that restitution might be awarded. Not until the award first appeared in the written judgment was Appellant placed on notice that his sentence would include restitution.

Because the sentences conflict, the oral pronouncement controls and there is no oral pronouncement of restitution. *See Burt*, 445 S.W.3d at 757. Therefore, we sustain Appellant's first issue and modify the judgment to delete the $180 restitution award. *See Sandlin v. State*, No. 09-14-00539-CR, 2015 WL 6998594, at *1-2 (Tex. App.—Beaumont Nov. 12, 2015, no pet.) (mem. op., not designated for publication) (deleting restitution award where trial court did not orally pronounce an award of restitution at sentencing hearing).

## ATTORNEY'S FEES AWARD

In his second issue, Appellant contends the trial court's written judgment should be modified to delete the attorney's fees award because he is indigent.

Article 26.05(g) of the Texas Code of Criminal Procedure provides trial courts with discretionary authority to order reimbursement of appointed attorney's fees when the "defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided[.]" TEX. CODE CRIM. PROC. ANN. art 26.05(g) (West Supp. 2018). The Texas Court of Criminal Appeals has addressed whether a record contained sufficient evidence to show that a trial court made a sufficient inquiry before requiring the defendant to pay court-appointed-attorney's fees. *Mayer,* 309 S.W.3d at 556. The Court affirmed a judgment by the Amarillo Court of Appeals, which had determined that a trial court erred in awarding attorney's fees under Article 26.05(g) "in the absence of 'evidence to demonstrate appellant's financial resources to offset the costs of the legal services[.]'" *Id*. at 553, 558 (quoting *Mayer v. State,* 274 S.W.3d 898, 901 (Tex. App.—Amarillo 2008), *aff'd,* 309 S.W.3d 552 (Tex. Crim. App. 2010)). The Court of Criminal Appeals specifically noted that under Article 26.04(p) of the Texas Code of Criminal Procedure, "'[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.'" *Id*. at 557 (quoting TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2018)).

Here, the trial court determined Appellant was indigent when it initially appointed him counsel and again when it appointed counsel to represent him in this appeal. At the sentencing hearing, no evidence was presented that Appellant's financial circumstances had materially changed. Accordingly, based on this record, there was no evidence to show that Appellant's finances had undergone a "material change." *See Mayer,* 309 S.W.3d at 557; *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(p). Therefore, no evidence supports the trial court's judgment requiring Appellant to pay his attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *see also Sandlin,* 2015 WL 6998594, at *1 ("Absent a change in a defendant's status as an indigent, a trial court is not authorized to impose an award of attorney's fees in the judgment against a defendant who remains indigent when the judgment is pronounced"); *Barrera v. State,* 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.) ("There must be some factual basis in the record illustrating that an accused is capable of paying a legal fee levied under art. 26.05(g) of the Code of Criminal Procedure."). We sustain Appellant's second issue and modify the judgment to delete the $1,800.00 attorney's fees award.

## DISPOSITION

Having sustained Appellant's first and second issues, we *modify* the judgment to delete the restitution award of $180 and the attorney's fees award of $1,800. We *affirm* the judgment as modified.

**BRIAN HOYLE**
Justice

Opinion delivered September 4, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 4, 2019**

**NO. 12-18-00343-CR**

**JERRY ANDREA PRUITT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 2nd District Court

of Cherokee County, Texas (Tr.Ct.No. 20724)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to delete the restitution award of $180 and the attorney's fees award of $1,800; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*