**AFFIRMED as MODIFIED and Opinion Filed February 27, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00218-CR

**TOBY FRANCIS TRACY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1739255-M**

## MEMORANDUM OPINION
Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Reichek

Following the denial of his motion to suppress, Toby Francis Tracy entered a plea agreement with the State and pleaded guilty to possession with intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d). The trial court deferred a finding of guilt and placed appellant on deferred adjudication community supervision for five years and assessed a fine of $1,500.

On appeal, appellant asserts (1) the trial court abused its discretion in denying his motion to suppress because the officer illegally detained him and (2) the order of deferred adjudication should be reformed to delete the amount of restitution. For reasons set out below, we overrule appellant's first issue and sustain his second. We modify the trial court's order of deferred adjudication to delete the restitution amount and affirm the order as modified.

FACTUAL BACKGROUND

Lancaster Police Sgt. Falvio Salazar was the sole witness at the suppression hearing. Salazar had worked for the city of Lancaster for thirteen years and had been promoted to patrol sergeant at the time of trial. He previously worked in "recon, some interdiction." In June 2018, he was on patrol with a training officer when he observed a white truck stopped in the road, across from a wooded area, with the passenger door open. A woman, carrying a dog, came from the wooded area and got into the truck. The wooded area was marked with a no-trespassing sign.

Salazar testified he was familiar with the area and said it was known for drugs and prostitution. A Motel 6 was across from the wooded area, and Salazar said it had "a lot of prostitution." Additionally, he said homeless people "stay" in the wooded area, "[s]ort of like a tent city type of deal," and Salazar had been out there on previous occasions to "clear" them out. Salazar said he believed the circumstances were suspicious and decided to investigate. He activated his lights and approached the driver of the vehicle, who was appellant; the training officer talked to the woman and a male passenger. Two more officers arrived at the scene in marked police units.

A "computer check" showed that appellant had an outstanding Dallas warrant for his arrest.[1] Once Salazar was able to confirm that the warrant was still active, he asked appellant to get out of his vehicle. He asked appellant about the male and female passengers, and appellant told him they "live in the field and work for him." Salazar placed appellant under arrest for the outstanding warrant. During a search incident to arrest, he found a bag of methamphetamine in appellant's pants pocket. In addition to Salazar's testimony, a dash-cam video of the stop was admitted as evidence.

---

[1] According to Salazar, the male passenger had seven active warrants.

The trial court denied appellant's motion to suppress and made the following findings of fact:

1. While on patrol, Lancaster police officer Falvio Salazar observed a woman emerge from a wooded area and approach the defendant's vehicle which was stopped by a Motel 6 on the opposite side of the street across from the wooded area.

2. Officer Salazar testified there is a no trespassing sign on the lot of the wooded area, that in the past there has been homeless people on the property making a tent city, and that he had often been called to the location to clear out the homeless that were present.

3. Salazar testified further that the area was a high crime area with a lot of drug and prostitution activity taking place at the Motel 6.

4. Salazar then made contact with the defendant and after ascertaining the defendant's information a computer check revealed the defendant had an outstanding warrant that was later confirmed.

5. Placing the defendant under arrest for the outstanding warrant, the defendant was searched and a bag of methamphetamine was found in the defendant's pant pocket.

The court concluded that Salazar's testimony about the criminal activity in the neighborhood, combined with his testimony that he saw a woman coming from the wooded area where a no trespassing sign was visibly displayed, amounted to "specific articulable facts" to detain appellant for investigative purposes.

MOTION TO SUPPRESS

In his first issue, appellant argues the trial court abused its discretion when it denied his motion to suppress because the officer did not have reasonable suspicion to detain him.

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion and overturn the ruling only if it is arbitrary, unreasonable, or "outside the zone of reasonable disagreement." *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014). When a trial court makes explicit fact findings, we determine whether the evidence, viewed in the light most favorable to the trial court's ruling, supports the fact findings. *Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013). We give almost complete deference to the trial court's determination

–3–

of historical facts, but we review the court's application of the law to those facts de novo. *Story*, 445 S.W.3d at 732.

Investigative detentions are generally governed by the reasonable suspicion standard. *York v. State*, 342 S.W.3d 528, 536 (Tex. Crim. App. 2011). Under the Fourth Amendment, reasonable suspicion exists when an officer is aware of specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is or soon will be engaging in criminal activity. *Id.*; *Terry v. Ohio*, 392 U.S. 1, 21–22 (1968). The officer must be able to articulate something more than an "inchoate and unparticularized suspicion or 'hunch.'" *Foster v. State*, 326 S.W.3d 609, 613 (Tex. Crim. App. 2010) (quoting *Terry*, 392 U.S. at 22). Rather, "the articulable facts must show 'that some activity out of the ordinary has occurred, some suggestion to connect the detainee to the unusual activity, and *some indication that the unusual activity is related to crime.'"* *Derichsweiler v. State*, 348 S.W.3d 906, 916 (Tex. Crim. App. 2011). This standard is objective; the subjective intent of the officer conducting the detention is irrelevant. *Id.* at 914. Reasonable suspicion does not depend on the "most likely explanation" for a suspect's conduct, and reasonable suspicion can exist even if the conduct is "as consistent with innocent activity as with criminal activity." *York*, 342 S.W.3d at 536.

Here, appellant argues Salazar had no specific, articulable facts to connect him to criminal activity; rather, he contends, he was "merely sitting in a car." While appellant's activity may have been equally consistent with innocent activity, reasonable suspicion of criminal activity did exist. Salazar observed a truck, stopped in the middle of the roadway, waiting for a woman who emerged from a wooded area across the street. The wooded area was marked with a no-trespassing sign. Salazar was familiar with the area. He had been out on calls to clear homeless people from the wooded area. In addition, the area was known for its prostitution and drug activity. From these

–4–

facts and the reasonable inferences drawn from them and based on Salazar's experience, we conclude Salazar had more than an inarticulable hunch that some unusual activity related to crime was occurring and that appellant, as driver of the truck, was involved in that unusual activity related to crime. Because the trial court properly concluded that Salazar had a reasonable suspicion to detain appellant while he investigated, it did not abuse its discretion in denying appellant's motion to suppress the methamphetamine found during the search incident to arrest. We overrule the first issue.

MODIFICATION OF DEFERRED ADJUDICATION ORDER

In a second issue raised in a supplemental brief, appellant argues the order of deferred adjudication should be modified to delete an order of restitution. After appellant's motion to suppress was denied, he reached an agreement with the State to plead guilty in exchange for five years' deferred community supervision, a $1,500 fine, and $180 in restitution.

At the plea hearing, after admonishing appellant of the consequences of his plea, the trial judge found the evidence was sufficient to support guilt but deferred such a finding, stating, "I will honor the plea bargain agreement and without finding of guilt place on you [sic] community supervision or probation for five years[,] $1,500 fine, and costs. . ." Appellant argues that the trial judge's failure to orally pronounce restitution requires us to delete it from the order of deferred adjudication. We agree.

Restitution is considered punishment. *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006); *see also Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009). Any restitution amount must be orally pronounced. *See e.g., Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004); *Johnson v. State*, No. 05-19-00155-CR, 2020 WL 428150, at *1 (Tex. App.—Dallas Jan. 28, 2020, no pet. h.) (mem. op.) (not designated for publication). When there is a conflict

–5–

with the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014).

Here, the State asserts that the trial judge did orally pronounce restitution by stating he would honor the plea agreement, which included restitution. However, following that statement, the judge specifically pronounced only five years deferred adjudication probation, a $1,500 fine, and costs. Accordingly, we conclude the inclusion of restitution in the order of deferred adjudication was error. We sustain the second issue.

We have the authority to correct a judgment below to make the record "speak the truth" when we have the necessary data and information to do so. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

We modify the trial court's order of deferred adjudication to delete the restitution amount and affirm the trial court's order of deferred adjudication as modified.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190218F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TOBY FRANCIS TRACY, Appellant

No. 05-19-00218-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1739255-M.
Opinion delivered by Justice Reichek;
Justices Schenck and Osborne participating.

Based on the Court's opinion of this date, the trial court's order of deferred adjudication is **MODIFIED** as follows:

To delete the restitution amount.

As **MODIFIED**, order of deferred adjudication is **AFFIRMED**.

Judgment entered February 27, 2020