

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00123-CR

DOMINIQUE SHAQUILLE HARVEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 43683-B

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Dominique Shaquille Harvey had received deferred adjudication for injury to a child and had been placed on community supervision for ten years and assessed $314.00 for court costs, $153,797.05 for restitution to the victim, and a $250.00 fine. On June 19, 2019, Harvey pled true to the State's allegations contained in its motion to revoke community supervision, and, after an evidentiary hearing, the trial court revoked his deferred adjudication community supervision, adjudicated his guilt, and sentenced Harvey to fifty years' incarceration. The written judgment adjudicating guilt attached a certified bill of costs in the total amount of $154,232.05, including in its itemized costs $250.00 for "Fine," $153,603.05 for "Restitution," and $130.00 for "Sheriff's Fees."

Harvey's appellate counsel has filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Providing a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, counsel has met the requirements of *Anders v. California*. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Harvey's counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal and provided Harvey with a copy of the brief, the motion to withdraw, and a pro se form for access to the appellate record. Counsel also informed Harvey of his right to request and

review the record and to file a pro se response. On March 19, 2020, Harvey filed a pro se motion for access to the appellate record. In response, Harvey's appellate counsel mailed a complete paper copy of the appellate record, and this Court mailed copies of the digital record exhibits to Harvey, and on March 23, 2020, this Court granted Harvey's motion and set May 7, 2020, as the deadline for Harvey to file his response to his counsel's *Anders* brief. On July 10, 2020, this Court extended the due date for Harvey's pro se response to August 10, 2020. By letter dated August 21, 2020, this Court notified Harvey that this cause would be set for submission on the briefs on September 11, 2020. We received from Harvey neither a pro se response nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is nonreversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).

In this case, the order of deferred adjudication included the assessment of a $250.00 fine and $153,797.05 in restitution. However, when the trial court adjudicated Harvey's guilt and revoked his community supervision, it did not orally pronounce any fine or restitution when it sentenced him. Nevertheless, the written judgment adjudicating guilt attached a certified bill of costs that included itemized entries of $250.00 for "Fine" and $153,603.05 for "Restitution."

3

In a deferred adjudication order, no sentence is imposed on the defendant. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). When the defendant's guilt is later adjudicated, the judgment adjudicating guilt sets aside the order deferring adjudication, including any fine or restitution imposed in that order. *Id.*; *see Burt v. State*, 445 S.W.3d 752, 756–57 (Tex. Crim. App. 2014) (restitution, like his sentence, must be pronounced in the defendant's presence). Consequently, when a trial court adjudicates the defendant's guilt, his sentence, along with any fine or restitution, must be pronounced in his presence. *See Taylor*, 131 S.W.3d at 502; *Burt*, 445 S.W.3d at 757. When there is a conflict between the oral pronouncement of a sentence and the written judgment, the oral pronouncement controls. *Taylor*, 131 S.W.3d at 500. Since no fine or restitution was pronounced when Harvey was sentenced, we will delete the entries of $250.00 for "Fine" and $153,603.05 for "Restitution" from the certified bill of costs and the trial court's judgment.

The certified bill of costs attached to the judgment adjudicating guilt also includes an itemized cost of $130.00 for "Sheriff's Fee." As may be applicable to this case, Article 102.011(a) of the Texas Code of Criminal Procedure authorizes charging a criminal defendant "$50 for executing or processing an issued arrest warrant, capias, or capias pro fine," "$35 for serving a writ not otherwise listed in [the] article," "$10 for taking and approving a bond," and "$5 for commitment or release." TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2), (4), (5), (6) (Supp.). The record in this case shows that the sheriff approved an attorney bail bond on June 6, 2014. This bail bond is also some support that the sheriff both committed Johnson to jail and released him from jail. The record also shows that an order for arrest was issued by the trial

4

court on September 25, 2017, but the record does not show that an arrest warrant was executed or processed by the sheriff. There is no support in the record of any other circumstance for which a sheriff's fee is statutorily allowed. Consequently, we find that the record supports the imposition of only $20.00 for a sheriff's fee. Therefore, we will modify the certified bill of cost and the trial court's judgment to reflect a sheriff's fee of $20.00.

The certified bill of costs attached to the judgment of adjudication shows "Total Costs" of $154,232.05.[1] Our deletion of the entries for "Fine" and "Restitution," and our modification of the entry for "Sheriff's Fee" to $20.00 also requires us to modify the total costs to reflect these modifications. Therefore, we will modify the certified bill of cost and the trial court's judgment to reflect "Total Costs" of $269.00.

The judgment adjudicating guilt also has an entry under "Terms of Plea Bargain" that recites "TEN (10) YEARS DEFERRED ADJUDICATION." However, there was no plea bargain in regard to the judgment adjudicating guilt. Consequently, we will modify the judgment adjudicating guilt by changing the entry under "Terms of Plea Bargain" to "N/A."

We modify the certified bill of costs and the judgment adjudicating guilt by deleting the entries of $250.00 for "Fine" and $153,603.05 for "Restitution," by changing the entry for "Sheriff's Fee" to $20.00, and by changing the "Total Costs" to $269.00. We modify the judgment adjudicating guilt by changing the entry under "Terms of Plea Bargain" to "N/A."

---

[1]Although the certified bill of costs shows the "Total Costs" to be $154,232.05, the itemized entries on the bill of costs total $154,234.05.

In the *Anders* context, once we determine that the appeal is without merit, we must either dismiss the appeal or affirm the trial court's judgment. *See Anders*, 386 U.S. 738. Therefore, we affirm the judgment of the trial court, as modified.[2]

Josh R. Morriss, III
Chief Justice

Date Submitted:     September 11, 2020
Date Decided:       September 18, 2020

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.