

IN THE
TENTH COURT OF APPEALS

No. 10-19-00134-CR

GARY LAYNE SMITH,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

From the 66th District Court
Hill County, Texas
Trial Court No. 39,230

DISSENTING & CONCURRING OPINION

In the instant case, the trial court's judgment indicates that "$516.35 SO Ext. costs" and "Del. prob. $562.00" were imposed as "restitution." A majority of this Court has concluded that these fees should be deleted from the judgment because they are restitution that was not orally pronounced at trial. Because I do not believe that these fees are restitution requiring oral pronouncement as a precondition to being included in the written judgment, I respectfully dissent.

First, the "516.35 SO Ext. costs" entry corresponds with the expenses paid to Texas Prisoner Transportation Services to transport appellant from Moniteau County Jail in the State of Missouri to the Hill County Jail in the State of Texas. Article 102.011(b) of the Texas Code of Criminal Procedure provides that: "[A] defendant required to pay *reimbursement* fees under this article shall also pay 29 cents per mile for mileage required of an officer to perform a service listed in this subsection and to return from performing that service." TEX. CODE CRIM. PROC. ANN. art. 102.011(b) (emphasis added). Among the services listed in article 102.011(b) are "conveying a prisoner arrested on a warrant or capias issued in another county to the court or jail of the county" and "traveling to execute criminal process, to summon or attach a witness, and to execute process not otherwise described by this article." *Id.* art. 102.011(b)(2)-(3). What transpired in this case is precisely what is provided for in subsections (b)(2) and (b)(3) in article 102.011.

However, appellant contends that article 102.011(b) does not apply because Texas Prisoner Transportation Services is a "transportation company," not a "peace officer." It is clear that the Hill County Sheriff's Office, as many other law enforcement agencies do in this State, contracted with Texas Prisoner Transportation Services to act as their agent in transporting appellant from Missouri to Hill County. Moreover, I see nothing in the statute prohibiting a law-enforcement agency from delegating responsibility for apprehending a fugitive in another state to a "transportation company" to ensure that local law enforcement resources are more effectively deployed patrolling local streets and

ensuring public safety in the locality. Thus, I believe that article 102.011(b) applies in this case.

Next, it is necessary to address the fact that the trial court's judgment lists the article 102.011 fees as "restitution." The majority correctly notes that restitution is part of punishment that must be pronounced on the record as part of the sentence. *See Burt v. State*, 445 S.W.3d 752, 756 (Tex. Crim. App. 2014); *see also Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.). However, I think that characterizing article 102.011(b) fees as restitution is erroneous for several reasons explained below.

In ascertaining the meaning of a statute, section 311.023 of the Texas Government Code provides that we consider the following factors:

   (1) object sought to be attained;

   (2) circumstances under which the statute was enacted;

   (3) legislative history;

   (4) common law or former statutory provisions, including laws on the same or similar subjects;

   (5) consequences of a particular construction;

   (6) administrative construction of the statute; and

   (7) title (caption), preamble, and emergency provision.

TEX. GOV'T CODE ANN. § 311.023.

Instructively, the title of Chapter 102 of the Texas Code of Criminal Procedure is "Costs; Reimbursement Fees; Fines." *See generally* TEX. CODE CRIM. PROC. ANN. arts. 102.001-.072. Furthermore, the title of article 102.011 itself is "Reimbursement Fees for Services of Peace Officers." *See id.* art. 102.011. Consistent with these titles, the plain language of article 102.011(b) provides that the extradition fees in this case are in the nature of reimbursement or "a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *See id.*; *see also Allen v. State*, 614 S.W.3d 736 (Tex. Crim. App. 2019) (concluding that article 102.011(b) is constitutional because the fees "are for the reimbursement of expenses directly incurred in a defendant's prosecution"); *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014); *Weir v. State*, 278 S.W.3d 364, 366-67 (Tex. Crim. App. 2009); *Washington v. State*, 594 S.W.3d 784, 789 (Tex. App.—Waco 2019, no pet.) (noting that article 102.011 fees relate "to the recoupment of judicial resources"); *Jackson v. State*, 565 S.W.3d 900, 909-910 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) (concluding that article 102.011 are constitutional because "the statute explicitly directs the payment of the . . . fee 'for services performed' in connection with the recoupment of costs of judicial resources . . . ."). Furthermore, at least one other Texas court has treated article 102.011 reimbursement fees as the nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case, otherwise known as court costs. *See Habib v. State*, 431 S.W.3d 737, 743 (Tex. App.—Amarillo 2014, pet. ref'd).

The aforementioned distinction is important because the Court of Criminal Appeals has stated that restitution is punitive in nature. *See Weir*, 278 S.W.3d at 366. The Court of Criminal Appeals has also emphasized that "[r]estitution is a victim's statutory right. . . . [I]t restores the victim to the 'status quo ante' position he was in before the offense. . . ." *Burt*, 445 S.W.3d at 756 (internal citation omitted); *see* TEX. CODE CRIM. PROC. ANN. art. 42.037(a) ("In addition to any fine authorized by law, the court that sentences a defendant convicted of an offense may order the defendant to make restitution to any *victim of the offense* or to the *compensation to victims of crime fund* established under Subchapter B, Chapter 56, to the extent that fund has paid compensation to or on behalf of the victim." (emphasis added)). The *Burt* Court further noted that "the law so favors crime victims' compensation that our restitution statute requires the trial judge to justify his decision not to order restitution to a crime victim." *Burt*, 445 S.W.3d at 756 (internal citation omitted).

Here, the Hill County Sheriff's Office was not the victim of the offense for which appellant was charged, and as stated above, article 102.011 fees are not punitive, but rather, a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case. Therefore, it cannot be said that the assessed article 102.011 fees are restitution.

Because article 102.011 fees are not restitution, but rather court costs, they need not be orally pronounced in open court before including such costs in the written judgment.

*See Weir*, 278 S.W.3d at 367; *see also Horton v. State*, No. 10-09-00258-CR, 2010 Tex. App. LEXIS 3828, at **7-10 (Tex. App.—Waco May 19, 2010, pet. ref'd) (mem. op., not designated for publication) (holding that DPS lab fees were improperly termed "restitution" because they are not owed to the victim of Horton's crime and constitute neither punishment nor a part of Horton's sentence; thus, the lab fees were not required to be orally pronounced as a precondition to being included in the written judgment).

The fact that the judgment in this case characterized article 102.011 fees as restitution is a clerical error. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 2 ("The judge may order the prosecuting attorney, or the attorney or attorneys representing any defendant, or the court clerk under the supervision of any attorney, to prepare the judgment, or the court may prepare the same."); *see also In re M & O Homebuilders, Inc.*, 516 S.W.3d 101, 109 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding) ("A clerical error does not result from judicial reasoning, evidence or determination. Instead, a clerical error is one made in the transcription or entry of a judgment that causes the judgment to incorrectly state what was actually rendered." (internal quotations & citations omitted)). Therefore, based on the record before us, I would reform the judgment to reflect that the assessed article 102.011 fees are mandatory court costs. *See* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (stating that an appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention

by any source); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.16 (requiring that the judgment shall "adjudge the costs against the defendant, and order the collection thereof as in other cases"). And although the judgment states that $516.35 is owed, I would reform that number to be $350.90, which is the calculation of a round trip of 1,210 miles from the Moniteau County Jail to the Hill County Jail at twenty-nine cents per mile, as authorized by article 102.011(b). *See* TEX. CODE CRIM. PROC. ANN. art. 102.011(b).

Appellant's second complaint centers on the "Del. prob. $562.00" entry, which relates to his unpaid community supervision fees. Article 42A.652 of the Texas Code of Criminal Procedure provides that, when granting community supervision, the trial court must "set a reimbursement fee of not less than $25 and no more than $60 to be paid each month during the period of community supervision by the defendant . . . ." TEX. CODE CRIM. PROC. ANN. art. 42A.652. These fees, like the article 102.011 fees, are a nonpunitive recoupment of the costs of judicial resources expended in connection with the community-supervision contract made between appellant and the trial court. *See id.; see also Speth v. State*, 6 S.W.3d 530, 534-35 (Tex. Crim. App. 1999) ("An award of community supervision is not a right, but a contractual privilege, and conditions thereof are terms of the contract entered into between the trial court and the defendant").

Indeed, the Beaumont Court of Appeals has recognized that supervision fees, court costs, or fees associated with presentence investigation reports are not a part of a defendant's punishment and are not required to be orally pronounced at sentencing. *See,*

*e.g., Davis v. State*, Nos. 09-18-00262-CR, 09-18-00263-CR, & 09-18-00264-CR, 2019 Tex. App. LEXIS 9113, at *12 (Tex. App.—Beaumont Oct. 16, 2019, no pet.) (mem. op., not designated for publication); *Lee v. State*, No. 09-07-257-CR, 2007 Tex. App. LEXIS 8442, at *4 (Tex. App.—Beaumont Oct. 24, 2007, no pet.) (mem. op., not designated for publication); *Revia v. State*, No. 09-07-068-CR, 2007 Tex. App. LEXIS 6965, at **5-6 (Tex. App.—Beaumont Aug. 29, 2007, no pet.) (mem. op., not designated for publication). In other words, supervision fees, such as those prescribed in article 42A.652, are not restitution, but rather, are court costs. Therefore, because article 42A.652 are court costs, I would conclude that the "Del. prob. $560.00" entry was improperly characterized in the trial court's judgment as restitution. This mischaracterization that finds no support in the record or in a fair reading of the statute or governing case law constitutes a clerical error that I would reform to reflect that the $560 in unpaid community-supervision fees are still owed by appellant as court costs, not restitution.

In sum, based on the foregoing, I would reform the trial court's judgment to reflect as court costs:  (1) $350.90 in extradition fees; and (2) $560 in unpaid community-supervision fees.  And as such, I would sustain appellant's first issue, in part, and overrule his second issue in its entirety.  Because the majority does not do so, I respectfully dissent.[1]

---

[1] With respect to appellant's third issue, I agree with the majority's analysis of the issue and conclusion that the issue should be sustained.

MATT JOHNSON

Justice

Dissenting and concurring opinion delivered and filed August 31, 2021

