**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00151-CR**
_____

**BRADLEY JOSEPH PRUITT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Cause No. 25286**

**MEMORANDUM OPINION**

A jury found Bradley Joseph Pruitt guilty of aggravated assault of a public servant and assessed Pruitt's punishment at ninety-nine years of imprisonment and assessed a $10,000 fine. *See* Tex. Penal Code Ann. § 22.02(a)(1), (b)(2)(B). In one issue on appeal, Pruitt's counsel addresses whether the trial court erred by including an order of restitution in the written judgment that was not supported by a jury

verdict finding or part of the trial court's oral pronouncement of Pruitt's sentence.[1]

We affirm the trial court's judgment as modified.

## PERTINENT PROCEDURAL BACKGROUND

After the jury found Pruitt guilty of aggravated assault of a public servant, the trial court proceeded with the punishment phase of Pruitt's trial. The record shows that the State did not mention restitution during the punishment phase, and the jury charge did not include a request that the jury make a finding concerning restitution. The jury returned a verdict assessing Pruitt's punishment at ninety-nine years of confinement and a $10,000 fine, and the trial court orally pronounced Pruitt's sentence, which did not include an order that Pruitt pay restitution. The trial court's written judgment indicates Pruitt was ordered to pay "733,964.74" in restitution, and the "special findings" ordered Pruitt to pay $4,512.22 restitution to the Office of the Attorney General and $729,452.52 to the TML Governmental Risk Pool.

## ANALYSIS

In his sole issue, Pruitt argues this Court should vacate the judgment and remand the case to the trial court for a restitution hearing despite the State failing to present any evidence regarding restitution during his trial and the trial court failing

---

[1]On March 18, 2022, this Court abated the appeal and remanded the case to the trial court for appointment of new counsel to address any arguable errors and specifically directed new appellate counsel to address whether the trial court erred by including an order of restitution in the written judgment.

2

to orally pronounce restitution as part of his punishment. The State agrees that Pruitt may be entitled to have the restitution order deleted, because the law requires a trial court's written judgment to comport with the sentence orally pronounced and the amount of restitution must have a factual basis in the record. However, the State recommends that we remand the case for the trial court to conduct a restitution hearing. Both Pruitt and the State rely on *Burt v. State*, 445 S.W.3d 752 (Tex. Crim. App. 2014), to support the contention that the case should be remanded for a restitution hearing because there is insufficient factual evidence to support the amount of restitution.

Due Process requires that a defendant receive fair notice of all the terms of his sentence, which must be orally pronounced in his presence. *See* Tex. Code Crim. Proc. Ann. art. 42.03 § 1(a); *Burt*, 445 S.W.3d at 757. The written judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). Generally, when the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Id.*; *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002); *see also Ette v. State,* 559 S.W.3d 511, 516-17 (Tex. Crim. App. 2018) (acknowledging this rule but noting an exception where the trial court's oral pronouncement conflicts with the jury's lawful verdict that has been read aloud in the defendant's presence).

3

Restitution is punishment, and it must be included in the trial court's oral pronouncement of sentence to be properly included in the written judgment. *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006). As such, the assessment of restitution should be orally pronounced in open court in the presence of the defendant. *Brown v. State*, No. 02-08-063-CR, 2009 WL 1905231, at *2 (Tex. App.–Fort Worth July 2, 2009, no pet.) (mem. op., not designated for publication). If it is not so announced, the defendant may be entitled to have the restitution order deleted from the judgment. *Burt*, 445 S.W.3d at 760 (so recognizing); *see Taylor*, 131 S.W.3d at 500, 502 (discussing fine as punishment which must be orally pronounced).

The record shows the State did not mention restitution during the punishment phase of the trial. Although the State presented testimony from the victim's wife about the victim's injuries and medical care, it failed to present any evidence concerning the cost of that care. The jury charge for punishment did not include a request that the jury make a finding concerning restitution, and there were no objections to the jury charge. Pruitt elected for the jury to assess his punishment, and the jury's verdict did not include restitution as part of his punishment.

The State argues this Court should vacate the restitution order and remand the case for a hearing on restitution to strike the necessary balance between the defendant's right to be heard and the public policy that favors granting restitution to

4

crime victims. *See* Tex. R. App. P. 43.2; Tex. Code Crim. Proc. Ann. art. 42.037 (allowing the court to order a defendant convicted of an offense to make restitution to any victim); *Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014) (citations omitted). Pruitt also contends that this Court may vacate the restitution order and remand for a restitution hearing.

In *Burt*, the trial court orally pronounced restitution at sentencing but failed to state an amount, and the trial court informed the parties that if they could not agree upon an amount, a restitution hearing would be necessary. *Burt*, 445 S.W.3d at 759. The *Burt* Court distinguished its facts from other cases in which neither the parties nor the judge ever mentioned restitution during the sentencing hearing or as part of the oral pronouncement of sentence. *Id*. at 759 & n.32 (citing cases where defendant was never put on notice that restitution may be ordered until it first appeared in the written judgment). Importantly, the *Burt* Court noted that when a trial court orders restitution in its written judgment but not in its oral pronouncement of judgment, the oral pronouncement controls and the defendant is entitled to have the restitution deleted. *Id*. at 759-60 & n.33.

Here, the trial court did not orally pronounce any restitution at sentencing and the jury did not assess any restitution as part of Pruitt's punishment. We conclude based on the record before us, that the trial court's written judgment varies from its oral pronouncement and the judgment must be modified to delete the restitution. *See*

5

*Ette*, 559 S.W.3d at 517; *Taylor*, 131 S.W.3d at 500. Accordingly, we modify the first page of the trial court's judgment and delete "$733,964.74" in restitution and reflect a restitution amount of "$0." We also modify the third page of the trial court's judgment under "special findings or orders" and delete "$4,512.22 RESTITUTION TO OFFICE OF ATTORNEY GENERAL and $729,452.52 to TML Intergovernmental Risk Pool, (worker's compensation)[.]" We overrule Pruitt's sole issue and affirm the trial court's judgment as modified.

AFFIRMED AS MODIFIED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on October 3, 2022
Opinion Delivered October 12, 2022
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.