# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00434-CR

**Monti Brunson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 424TH DISTRICT COURT OF BURNET COUNTY
### NO. 51138, THE HONORABLE EVAN C. STUBBS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After the court denied his motion to suppress evidence and empaneled a jury, Monti Brunson pleaded guilty to the offense of possession of four grams or more but less than 200 grams of methamphetamine with intent to deliver. *See* Tex. Health & Safety Code § 481.112(d).[1] The jury found him guilty and assessed punishment at fourteen years in prison.

Appellant's court-appointed attorney has filed a motion to withdraw as counsel along with a brief concluding that the appeal is frivolous and without merit except for inappropriate assessment of fees that the State agrees are inappropriate. We also note that the judgment incorrectly cites the Penal Code as the location of the statute under which Appellant was charged and convicted.

---

[1] The judgment states that the statute for the offense is "481.112(d) Penal Code." The Texas Penal Code does not contain a chapter or section beginning with 481. We will address that typographical error below.

Appellant's counsel's brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for reversal to be advanced. *See* 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988). Appellant's counsel has certified to this Court that he sent copies of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. Appellant requested and was provided a copy of the trial-court record but has not filed a brief of his own or requested additional time to file a pro se brief.

Appellant's attorney's brief explores an issue—that Appellant's consent to search a bag that contained the illegal drugs was involuntary—that he ultimately concludes would be frivolous if it were raised. We agree with counsel's assessment that there are no arguably meritorious grounds for review leading to reversal of the judgment.

Appellant's counsel argued for striking three items from the bill of costs: court-appointed attorney's fees of $1900, a $15 time payment (essentially an installment plan) for ordered reimbursements, and a $180 DPS restitution payment. The record must contain evidence of the defendant's ability to pay before court-appointed attorney fees can be ordered. *Mayer v. State*, 309 S.W.3d 552, 553 (Tex. Crim. App. 2010). The State notes that the trial court did not make a finding assessing the fees on the record at the time of sentencing and that no evidence shows a material change in Appellant's financial circumstances after the trial court found him indigent and appointed an appellate attorney for him. The State agrees that the $1900 attorney fee should be struck. Appellant's counsel also argues and the State agrees that the $15 time payment

2

should be struck consistent with *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021) (payment of fines, court costs, and restitution suspended during the pendency of appeal). Finally, the State agrees that the DPS laboratory is not a victim of the charged offense and is not entitled to restitution, so the $180 fee should be struck. *See Burt v. State*, 445 S.W.3d 752, 757-59 (Tex. Crim. App. 2014) (trial judge cannot order restitution to anyone except victims of offense for which defendant is convicted).

We have conducted an independent review of the record and appellate counsel's brief. We find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We note that the judgment recites that the "Statute for Offense" is "481.112(d) Penal Code." The Texas Penal Code does not contain a chapter or section beginning with 481. Section 481.112(d) in the Health and Safety Code comports with the offense described in the indictment and in the remainder of the judgment. The appropriate remedy is to modify the district court's judgment to reflect the correct statute. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). We have the authority to modify an incorrect judgment when the information necessary to do so is available. *Figueroa v. State*, 250 S.W.3d 490, 517 (Tex. App.—Austin 2008, pet. ref'd). We have that power in the *Anders* context when the modification will not result in reversal of the judgment. *See Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.); *Bray v. State*, 179 S.W.3d 725, 729-30 (Tex. App.—Fort Worth 2005, no pet.); *cf. R.J.O. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-13-00478-CV, 2013 WL 6060778, at *2 & n. 3 (Tex. App.—Austin Nov. 13, 2013, no pet.) (mem. op.) (reforming trial court's final decree to remove a statutory ground for termination and affirming judgment as modified in *Anders* case). These modifications

3

do not result in reversal of the judgment. We order that the trial-court judgment be modified to reflect that the "Statute for Offense" is "481.112(d) Health & Safety Code."

Finding no arguably meritorious grounds for reversal in the record, we agree that the appeal is frivolous.

**CONCLUSION**

We modify the bill of costs relating to the judgment to delete the $1900 fee for court-appointed attorney, the $15 time-payment fee, and the $180 restitution fee to DPS. We modify the judgment by changing the "Statute for Offense" from "481.112(d) Penal Code" to "481.112(d) Health & Safety Code."

We affirm the judgment as modified and grant counsel's motion to withdraw.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Affirmed as Modified

Filed: August 1, 2023

Do Not Publish

4