

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00125-CR

_____

JAMES DELLWOOD ROGERS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 20F0345-102

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

James Dellwood Rogers pled guilty to driving while intoxicated, third or more. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b) (Supp.). Pursuant to a plea-bargain agreement with the State, the trial court sentenced Rogers to ten years' imprisonment and imposed a $2,500.00 fine, but suspended the sentence in favor of placing Rogers on community supervision for ten years. Alleging that Rogers violated the terms and conditions of his community supervision by consuming alcohol, the State filed a motion to revoke community supervision. After Rogers pled true to the State's allegation, the trial court revoked his community supervision and sentenced Rogers to ten years' imprisonment.

In his sole point of error on appeal,[1] Rogers argues that the trial court's oral pronouncement waiving fines and court costs requires the removal of his fine and imposition of court costs from the written judgment. We agree.

I.      We Delete the Fine and Court Costs from the Written Judgment

"[W]hen there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls." *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014). In open court, after reinstating the sentence of ten years' imprisonment, the trial court said, "I'll consider you were on disability, your testimony in that regard and find that you are indigent and I'm going to waive any court costs, fines, in this matter." As a result of that pronouncement, the bill of costs deleted the $2,500.00 fine and did not impose the $520.00 in "reimbursement-based

---

[1]This case was originally filed as an *Anders* appeal. *See Anders v. California*, 386 U.S. 738, 744–45 (1967). On submission of this appeal, this Court found that an arguable issue existed, granted counsel's motion to withdraw, and abated the cause to the trial court for the appointment of new counsel.

court costs." *Allen v. State*, 614 S.W.3d 736, 740 (Tex. Crim. App. 2019). Even so, the trial court's written judgment imposed court costs, including $520.00 in reimbursement costs, and a $2,500.00 fine.

"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). Here, the State concedes, and we agree, that the fine should be removed. Based on the oral pronouncement by the trial court, we also find that court costs must be deleted from the judgment. As a result, we sustain Rogers's sole point of error.

## II.    Disposition

We modify the trial court's judgment by deleting the $2,500.00 fine. We further modify both the judgment and the bill of costs to show that Rogers's court costs, including the reimbursement costs, are waived and that his balance is $0.00. As modified, we affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:     April 3, 2024
Date Decided:       April 4, 2024

Do Not Publish

3