**Opinion issued June 26, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-24-00814-CR**

————————————

**PONWKA ARTIS ROBINSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1735005**

---

## MEMORANDUM OPINION

A grand jury indicted Ponwka Artis Robinson for the offense of driving while intoxicated, his third such offense, a third-degree felony. Robinson and the State entered into a plea agreement, under which he pled guilty and both sides agreed to a

sentence of ten years' imprisonment, probated for five years (*i.e.*, probation or community supervision).

The trial court rendered judgment in conformity with the plea agreement. It sentenced Robinson to ten years of imprisonment, suspended his prison sentence, and placed him on community supervision for five years, subject to certain terms.

After Robinson violated the terms of his community supervision, the State moved to revoke it. The trial court granted that motion, imposing the ten-year sentence.

In a single issue, Robinson contends the trial court erred in assessing a fine of $100 in the written judgment revoking his community supervision. He asks us to delete the fine. The State agrees that the inclusion of the fine was error.

Having independently reviewed the record and the law, we agree that the trial court erred in imposing the $100 fine. We therefore modify the trial court's judgment to delete the $100 fine.

## BACKGROUND

In its written judgment revoking Robinson's community supervision, the trial court assessed a $100 fine. But when the trial court had earlier pronounced its judgment revoking Robinson's community supervision, the court did not assess this $100 fine. It made no mention of any fine. Nor was this $100 fine included in the

2

original judgment of conviction, which imposed the ten-year sentence, suspended it, and placed Robinson on community supervision.

## DISCUSSION

### The Oral Pronouncement Controls

In criminal cases, when the trial court's written judgment differs in its terms from the judgment it orally pronounced in open court, the oral pronouncement controls. *See Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014) (written judgment is simply declaration or embodiment of oral pronouncement, and oral pronouncement therefore controls when written judgment conflicts with it). The appellate remedy for variances or conflicts of this type is modification of the written judgment to conform it to the oral pronouncement. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *see also Van Flowers v. State*, 629 S.W.3d 707, 710–12 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (appellate court can modify written judgment to make it accurately reflect record when record shows error).

### We Independently Assess Error

While we consider the State's admission of error, its admission is not dispositive. *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002). Precedent instructs that we must independently assess the merits of an appellant's claim of error because the proper administration of criminal law cannot be left to the stipulation of the parties. *Id.*

## Inclusion of the Fine Was Erroneous

We agree that the written judgment's inclusion of the $100 fine was erroneous. The record shows the trial court's written judgment contains a $100 fine that the trial court did not assess when it orally pronounced its judgment in open court. The fine was likewise not part of the original judgment. Under the circumstances, the court erred by including the fine in its written judgment now, and we modify the judgment to delete the fine. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (court of appeals correctly deleted fine from judgment when fine was not orally pronounced at sentencing).

## CONCLUSION

We modify the trial court's judgment to delete the $100 fine. We affirm the trial court's judgment as modified. TEX. R. APP. P. 43.2(b).

Jennifer Caughey
Justice

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).

4